Polly HAMMOND, Appellant,

v.

KATY INDEPENDENT SCHOOL DISTRICT, James R. Romero, and Deidra Dempsey, Appellees.

No. C14–90–633–CV.

Court of Appeals of Texas, Houston (14th Dist.).

May 9, 1991.

Phillip Brantley, Houston, for appellant.

Gina V. Fulkerson, Houston, for appellees.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

### OPINION

DRAUGHN, Justice.

Polly Hammond appeals from summary judgments entered in favor of appellees in

her constructive discharge claim. In a single point of error with two subpoints, appellant argues that the trial court erred in granting summary judgment. We affirm.

Appellant was employed as a special education teacher on a one-year contract beginning January 1986 with the Katy Independent School District (KISD). Appellant was assigned to the Opportunity Awareness Center, a school for troubled children. Dr. Romero and Dr. Dempsey were principal and psychologist, respectively, at the center. Following disagreements with Romero and Dempsey regarding methods of disciplining a disruptive student, appellant voluntarily resigned her position with KISD on December 31, 1986. Appellant's resignation became effective January 16, 1987.

On March 17, 1988, appellant filed suit against KISD, Romero, and Dempsey. She alleged the following claims against the school district: (1) breach of contract; (2) deprivation of property rights under TEX. EDUC.CODE ANN. §§ 13.111 & 13.112 (Vernon 1991), the Texas Constitution, and the U.S. Constitution; (3) and violations of 42 U.S.C.A. §§ 1983 and 1985. She also sued Romero and Dempsey individually for: (1) defamation; (2) intentional infliction of emotional distress; and (3) violations of 42 U.S.C.A. §§ 1983 and 1985. The appellees filed motions for summary judgment addressing all claims asserted by appellant and properly incorporating appellant's deposition testimony. KISD argued that there were no genuine issues of material fact concerning the breach of contract claim. Romero and Dempsey argued that they were entitled to judgment as a matter of law because they were immune from prosecution under the Texas Education Code.[1] Appellant filed a response addressing her breach of contract claim, the issue of immunity, and her allegations of deprivation of property rights. The appellees now assert that because appellant failed to respond to certain arguments put forth by them, she has waived appellate review of those matters. As a general proposition, appellees' argument is incorrect.

The standards for reviewing a summary judgment are well established. The movant has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co., Inc.*, 690 S.W.2d 546, 548 (Tex.1985). All evidence favorable to the non-movant will be taken as true in determining whether there is a material fact issue precluding summary judgment. *Id.* at 548–49. Every reasonable doubt must be resolved in the non-movant's favor and any doubts resolved in its favor. *Id.* at 549.

In the summary judgment context, the rules of civil procedure require contentions to be expressly presented to the trial court in the written motion or in a written answer or response to the motion. TEX.R.CIV.P. 166a(c); *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979). Pleadings do not constitute summary judgment proof. *Id.* A response to a motion for summary judgment must fairly apprise the movant and the trial court of the issues that the non-movant contends should defeat the motion. *Id.* However, if no response is filed, there is not an automatic waiver of appellate review as the appellees contend.

In *Clear Creek*, the supreme court cautioned:

We are not to be understood, however, as shifting the burden of proof that exists in summary judgment proceedings. The trial court may not grant a summary judgment by default for lack of an answer or response to the motion by the non-movant when the movant's summary judgment proof is legally insufficient. The movant still must establish his entitlement to a summary judgment on the issues expressly presented to the trial court by conclusively proving all essential elements of his cause of action or defense as a matter of law. [citation omitted.] Summary judgments must stand on their own merits, and the non-movant's failure to answer or respond cannot supply by default the summary

1. See TEX.EDUC.CODE ANN. § 21.912(b) (Vernon 1987).

judgment proof necessary to establish the movant's right.

*Id.* Therefore, appellant is not precluded from asserting on appeal that the grounds presented to the trial court in appellees' motion for summary judgment are insufficient as a matter of law to support the motion. *Id.* Appellant is merely precluded from raising *other* issues as grounds for reversal. *Id;* Tex.R.Civ.P. 166a(c). Nor are we faced with the issue as to whether the summary judgments were improperly used in lieu of special exceptions requiring the plaintiff to plead more specifically, because appellant failed to raise the issue before the trial court. *See Vawter v. Garvey,* 786 S.W.2d 263 (Tex.1990).

■ Appellant sued KISD for breach of contract claiming she was constructively discharged from her employment. In her first subpoint, appellant argues that genuine issues of material fact exist as to whether a constructive discharge resulted because of her working conditions. The constructive discharge doctrine was first developed in unfair labor practice cases and serves as a legal substitute for the discharge element of a prima facie case of discrimination under Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e *et seq. See also Junior v. Texaco, Inc.,* 688 F.2d 377, 378 n. 3 (5th Cir.1982).

A constructive discharge occurs when an employer makes conditions so intolerable that an employee reasonably feels compelled to resign. *Shawgo v. Spradlin,* 701 F.2d 470, 481 (5th Cir.1983), *cert. denied sub nom., Whisenhunt v. Spradlin,* 464 U.S. 965, 104 S.Ct. 404, 78 L.Ed.2d 345 (1983); *Benton v. Kroger Co.,* 640 F.Supp. 1317, 1322 (S.D.Tex.1986). To find a constructive discharge, a court must determine whether or not a reasonable person in the employee's position would have felt compelled to resign. *Pittman v. Hattiesburg Municipal Separate School District,* 644 F.2d 1071, 1077 (5th Cir.1981). It is necessary to examine the conditions imposed, not the employer's state of mind. *Bourque v.*

*Powell Electrical Manufacturing Co.,* 617 F.2d 61, 65 (5th Cir.1980). Therefore, an employee does not need to prove that an employer subjectively intended to force the employee to resign. *Junior,* 688 F.2d at 379; *Pittman,* 644 F.2d at 1077.

When appellant resigned her employment in December 1986, she delivered the following letter of resignation to the Board of Trustees of KISD:

Gentlemen:

It will be necessary for me to resign my teaching position at the end of this semester because of a change in my living arrangement. Over the holidays I have found property that interests me, and it is too far from Katy to commute.

It is with deep regret that I leave the district. Thank you for the opportunity of teaching in Katy.

Sincerely,
· /s/ Polly Hammond

When deposed, appellant stated that she was considering purchasing property in north Houston with her son and the distance to Katy would make the daily commute prohibitive. Appellant also stated in her deposition that the reason for resigning given in her letter was only a partial reason for her leaving. She claimed that she left the school district as a "result of intolerable conditions" but did not put this in writing because she did not want to cause problems with the principal, Dr. Romero. The intolerable conditions that she referred to allegedly consisted of being "called on the carpet and chewed out" and general "harassment". She alleged two instances when Romero allegedly raised his voice to her in the presence of other school employees. She also stated in her deposition that she resented the fact that the school psychologist, Dr. Dempsey, considered her a subordinate and monitored her progress with one of the special education students.[2]

■ Appellee KISD's motion for summary judgment provided the trial court with the applicable case law concerning constructive discharge. Derogatory com-

---

2. The record does not indicate whether appellant, as a teacher, was actually a subordinate to appellee Dempsey, the school psychologist.

ments resulting from disciplinary proceedings do not constitute constructive discharge. *Shawgo*, 701 F.2d at 481–82. Nor do unfavorable work evaluations support a constructive discharge claim. *Junior*, 688 F.2d at 380. Humiliation or embarrassment stemming from a transfer to a different position within a school district has been held not to be significant enough to support a claim for constructive termination. *Jett v. Dallas Independent School District*, 798 F.2d 748, 755 (5th Cir.1986), *aff'd in part*, 491 U.S. 701, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989). The case law presented to the trial court effectively refuted all of appellant's specific allegations of constructive discharge. It was then incumbent on appellant to provide the court with additional competent summary judgment evidence that would raise a fact issue as to her claim and defeat KISD's motion. *Clear Creek*, 589 S.W.2d at 678. Additional evidence would have been unnecessary had appellee KISD's motion been legally insufficient to sustain the burden required for summary judgments. *Id.*

In her response to KISD's motion for summary judgment, appellant did not present any additional facts that raised a genuine issue of material fact. General allegations of mere "harassment", without more, are insufficient to raise an issue of material fact as to whether working conditions were so intolerable that a reasonable person would have felt compelled to resign. Consequently, we find that the trial court properly entered summary judgment on appellant's breach of contract claim against KISD.

Appellant also alleged KISD violated 42 U.S.C.A. § 1983 and deprived her of property rights under the Fifth and Fourteenth Amendments to the U.S. Constitution and Article I, Section 19 of the Texas Constitution. Appellant's constitutional claims are, however, derivative of her alleged constructive discharge claim. Appellant's voluntary resignation forestalls any allegation that KISD deprived her of any property interest in the remainder of her contract. Further, KISD cannot be held liable for a violation of section 1983

under the doctrine of respondeat superior. *Jett*, 798 F.2d at 759. Liability under section 1983 can be imposed if an alleged constitutional violation is due to official action, policy, or custom. *Monell v. Department of Social Services*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). The record is devoid of any summary judgment evidence that indicates that the treatment complained of by appellant was the result of any policy or custom officially adopted by KISD. *See Jett*, 798 F.2d at 759 (citing *Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir.1984) (per curiam), *cert. denied*, 472 U.S. 1016, 105 S.Ct. 3476, 87 L.Ed.2d 612 (1985)). We find that the trial court correctly granted appellee KISD's motion for summary judgment on appellant's section 1983 and unconstitutional deprivation of property claims.

During oral submission, appellant conceded her claims against KISD under 42 U.S.C.A. § 1985 because she was not a member of a protected class. She also conceded her claims under the Texas Education Code, presumably because she was not entitled to any property rights due to her resignation. Therefore, we affirm the summary judgment as to appellee KISD.

In her second subpoint, appellant argues that genuine issues of material fact exist as to whether Romero and Dempsey were immune from prosecution. Appellant filed suit against appellees Romero and Dempsey alleging intentional infliction of emotional distress and violations of 42 U.S.C.A. §§ 1983 and 1985. She also sued Romero for libelous deprivation of property rights. Appellant's petition alleges that Romero and Dempsey "willfully and maliciously acting outside the scope of their employment, harassed Plaintiff and constructively discharged her without due course of law and denying her references necessary for continued employment, knowing that such actions would and did in fact cause Plaintiff to suffer severe emotional distress, mental anguish and financial humiliation." Appellant also alleged that Romero sent a written reference to Alief Independent School District stating that appellant was "insubordinate and unprofessional." She contended that Romero's characterization

was false and deprived her of a valuable property right, namely, the ability to work at her occupation.

Appellee Romero's motion for summary judgment alleged that he was entitled to judgment as a matter of law because he was immune under the Texas Education Code. The Code provides:

> No professional employee of any school district within this state shall be personally liable for any act incident to or within the scope of the duties of his position of employment, and which act involves the exercise of judgment or discretion on the part of the employee, except in circumstances where professional employees use excessive force in the discipline of students or negligence resulting in bodily injury to students.

TEX.EDUC.CODE ANN. § 21.912(b) (Vernon 1987). The Code provides further that:

> "Professional employee" as used in this section, includes superintendents, principals, classroom teachers, supervisors, counselors, and any other person whose employment requires certification and an exercise of discretion.

*Id.* § 21.912(d). The purpose of section 21.912 is to provide local school boards with the authority to define the duties of professional school employees and to exempt the employees from individual liability for certain acts. *Barr v. Bernhard,* 562 S.W.2d 844, 848 (Tex.1978). The supreme court's interpretation in *Barr* of section 21.912 makes it clear that the personal liability of professional school employees is limited to the negligent use of motor vehicles or, when disciplining a student, excessive force is used or the employee negligently causes bodily injury to the student. *Pierson v. Houston Independent School District,* 698 S.W.2d 377, 381 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.).

▆▆▆ The elements of the tort of intentional infliction of emotional distress are: (1) the defendant acted intentionally or recklessly; (2) the conduct was extreme or outrageous; (3) the actions of the defendant caused the plaintiff emotional distress; and (4) the emotional distress suffered by the plaintiff was severe. *Havens v. Tomball Community Hospital,* 793 S.W.2d 690, 692 (Tex.App.—Houston [1st Dist.] 1990, writ denied); *Tidelands Automobile Club v. Walters,* 699 S.W.2d 939, 944–45 (Tex.App.—Beaumont 1985, writ ref'd n.r.e.). Appellant admitted in her deposition that all the acts she complained of in her petition were committed by Romero and Dempsey within the scope of their employment with KISD. Further, appellant's response to Romero's and Dempsey's motions for summary judgment contained no additional facts that would show the trial court that any of the allegedly tortious acts occurred outside the scope of their employment or that the alleged actions were so egregious that they would cause a person severe emotional distress. Appellant merely made the unsupported allegation that the principal and psychologist were not within the scope of their employment when they supposedly conspired to cause her emotional distress. Having failed to refute Romero's and Dempsey's defense with competent summary judgment evidence, we affirm the summary judgment as to appellant's claim for intentional infliction of emotional distress.

▆▆▆ The essence of the tort of libel is damage to one's reputation. *Finklea v. Jacksonville Daily Progress,* 742 S.W.2d 512, 516 (Tex.App.—Tyler 1987, writ dism'd w.o.j.). Statements are libelous per se if the written words are so obviously hurtful to the person aggrieved that they require no proof of their injurious character to make them actionable. *City of Brownsville v. Pena,* 716 S.W.2d 677, 682 (Tex. App.—Corpus Christi 1986, no writ). Once again, in her deposition, appellant admitted that Romero's letter of reference sent to Alief Independent School District that allegedly defamed her was written within Romero's scope of employment as a professional employee of KISD.[3] Appellant also admitted that, in addition to calling her

---

3. The allegedly defamatory letter sent to Alief Independent School District is not in the record sent to us on appeal. The burden is on appellant to bring forward a sufficient record that shows error requiring reversal. TEX.R.APP.P. 50(d).

insubordinate and unprofessional in the letter, Romero "put some good things down, too." We hold that a letter of reference written by a professional supervisor of a public school merely expressing his professional *opinion* on an employee's work performance under his supervision is an act within the scope of the employee's duties with the school district and is, consequently, not subject to a libel action by virtue of section 21.912(b) unless such statements are false statements of *fact* or are libelous per se. We note that the allegation that the letter interfered with the ability of appellant to find meaningful employment is contradicted by the fact that after she resigned appellant began employment with Houston Independent School District (HISD) in February 1987. At the end of the school year, HISD offered to renew appellant's contract, but she declined. We affirm the summary judgment as to appellant's libel claim.

In her response to Romero's and Dempsey's motions for summary judgment, appellant did not bring forth any evidence that would indicate that the actions of the school employees were the result of an official policy of the school district. *See Monell,* 436 U.S. at 691, 98 S.Ct. at 2036. Therefore, Romero and Dempsey were entitled to summary judgment on appellants claim asserting a violation of 42 U.S.C.A. § 1983. We affirm the trial court's summary judgment on appellant's section 1983 claim against the two employees.

Appellant conceded her claim against Romero and Dempsey under 42 U.S.C.A. § 1985 at oral submission because she was not a member of a protected class under the statute. Accordingly, we affirm the summary judgments granted to all three appellees.