Donna PASSONS, Appellant,

v.

The UNIVERSITY OF TEXAS AT AUSTIN, Appellee.

No. 03–97–00127–CV.

Court of Appeals of Texas, Austin.

May 14, 1998.

James R. (Ron) Weddington, Friedman & Weddington, L.L.P., Austin, for Appellant.

Dona G. Hamilton, Assistant Attorney General, Austin, for Appellee.

Before YEAKEL, C.J., and KIDD and B.A. SMITH, JJ.

KIDD, Justice.

Donna Passons sued the University of Texas, alleging she was discriminated against regarding her employment at the University of Texas School of Law because of her sex in violation of Chapter 21 of the Texas Labor Code. *See* Tex. Lab.Code Ann. §§ 21.001–.262 (West 1996 & Supp.1998). A jury returned a verdict against Passons and the trial court rendered a judgment that Passons

take nothing by her claim. Passons appeals. We will reverse and remand for a new trial.

## THE CONTROVERSY

Donna Passons was employed as assistant dean in charge of the Continuing Legal Education ("CLE") Program at the University of Texas School of Law (the "University"). She served as the director of the CLE program from 1985 until early 1994. Passons alleged in her original petition that the University discriminated against her regarding her employment because of her sex, in violation of the Texas Commission on Human Rights Act (the "TCHRA," codified at Chapter 21 of the Texas Labor Code). *See id.* According to Passons, in the latter part of 1993 and the early part of 1994, her supervisors forced her to resign by creating an abusive and hostile work environment. Passons also alleges the University underpaid her, then hired a man to replace her at a higher salary. Passons contends her employers made these adverse employment decisions because of her sex, and thus the University's actions constituted gender discrimination.

The case was tried to a jury, which failed to find that Passons was either constructively discharged[1] as the result of discrimination or discriminated against in terms of pay. On appeal, Passons raises complaints regarding the exclusion of evidence and the charge submitted to the jury.

## DISCUSSION AND HOLDINGS

*The jury charge*

Passons argues the court submitted an incorrect jury instruction on causation with regard to her constructive discharge case. Because we find this point dispositive, we will discuss it first. The section of the Labor Code that forms the basis of Passons's suit provides:

> An employer commits an unlawful employment practice if because of race, color, disability, religion, sex, national origin, or age the employer:

> (1) fails or refuses to hire an individual, discharges an individual, or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment....

Tex. Lab.Code Ann. § 21.051 (West 1996). Thus, it is forbidden under the TCHRA to discriminate against an individual "because" of his or her sex.

Constructive discharge serves as a legal substitute for the discharge element of a prima facie case of discrimination. *Hammond v. Katy Indep. Sch. Dist.,* 821 S.W.2d 174, 177 (Tex.App.—Houston [14th Dist.] 1991, no writ). The constructive discharge doctrine was developed under Title VII of the Civil Rights Act of 1964, the federal parallel to the TCHRA. *See id.;* Tex. Lab. Code Ann. § 21.001(1); 42 U.S.C. § 2000e *et. seq.* Constructive discharge occurs when an employer makes conditions so intolerable that an employee reasonably feels compelled to resign. *Hammond,* 821 S.W.2d at 177; *Ugalde v. W.A. McKenzie Asphalt Co.,* 990 F.2d 239, 242 (5th Cir.1993). Thus, in order to recover, Passons was required to show that she was constructively discharged "because of" her sex.

Over Passons's objection, the trial court submitted the following jury question and instruction regarding causation in this constructive discharge case:

> [W]as Passons constructively discharged by the University ... as a result of sexually discriminatory treatment? In this determination, you should examine the conditions imposed, not the employer's state of mind. Donna Passons' sex must be *the basis* for the employer's conduct.

(Emphasis added). Based upon this question, the jury failed to find constructive discharge and the trial court rendered a take-nothing judgment in favor of the University with regard to Passons's allegations of constructive discharge. Passons contends that the use of the word "the" preceding the word "basis" restricted the jury to an erroneous "sole-cause" instruction regarding causation. We agree.[2]

---

1. Passons actually resigned her job but argued that it was a forced resignation.

2. At oral argument, counsel for the University conceded in retrospect that the sole-cause submission in this case was incorrect.

■ The TCHRA prohibits an employer from discriminating against an employee "because" of his or her sex. The statute does not more specifically define the standard of causation applicable to cases alleging discrimination. The instruction submitted to the jury in this case states that sex must be *the* basis, or the *sole* basis, for the employer's conduct. The supreme court decision in *Texas Department of Human Services v. Hinds*, 904 S.W.2d 629 (Tex.1995), convinces us that a sole-cause standard of causation is inappropriate under the TCHRA.

In *Hinds*, the Texas Supreme Court defined the appropriate jury instruction on causation under the Texas Whistleblower Act, an act which contains the same "because" language as the TCHRA. *Id.* at 634; *see* Tex. Gov't Code Ann. § 554.004(a) (West Supp.1998). In that case, the trial court had submitted an instruction requiring the jury to find discrimination only if the employer's adverse conduct occurred "in retaliation for" the employee's damaging report. *Hinds*, 904 S.W.2d at 632. The supreme court held that a sole-cause standard is appropriate *only* where there exists some indication that the legislature intended to impose a sole-cause standard as opposed to a "but for" test of causation. *Id.* In the Whistleblower Act there was no such indication. Therefore, the court concluded that a "but for" standard of causation was appropriate under the Act.[3] *See id.* Because the trial court had improperly submitted a sole-cause standard, the supreme court reversed the judgment and remanded the case for a new trial. *See id.* at 637.

As in the Whistleblower Act, we find in the TCHRA no indication that the legislature intended to restrict employer liability to instances in which an employee's protected conduct or trait was the *sole* cause of an adverse employment decision. We therefore reject the sole-cause standard of causation under the TCHRA.

■ We believe the appropriate standard ·of causation under the TCHRA is a "but for" standard of causation; that is, "but for" the employee's sex, the employer's prohibited conduct would not have occurred when it did. This is the standard under *Hinds*, and is essentially the standard under analogous federal law.[4] *See Hinds*, 904 S.W.2d at 636; 42 U.S.C.A. § 2000e–2(m) (plaintiff's protected trait must be "a motivating factor" in an adverse employment decision); *see also Woodhouse v. Magnolia Hosp.*, 92 F.3d 248, 252 (5th Cir.1996). The jury instruction in this case should have reflected a "but for" standard.[5]

■ Although the jury charge was erroneous, our inquiry is not over. Once an appellate court finds error in the charge, it must then review the pleadings, evidence and the entire charge to determine whether the error was harmful. *Island Recreational Dev. Corp. v. Republic of Tex. Sav. Ass'n*, 710 S.W.2d 551, 555 (Tex.1986). Jury charge error is reversible only if, when viewed in light of the totality of the circumstances, it amounted to such a denial of rights of the complaining party as was reasonably calculated and probably did cause the rendition of an improper judgment. Tex.R.App. P. 44.1(a)(1); *Reinhart v. Young*, 906 S.W.2d

---

3. The *Hinds* court actually presented several reasons that a "sole-cause," or even a "principal-cause," standard is inappropriate in employment discrimination cases, all of which are applicable here. *See Texas Dep't of Human Servs. v. Hinds*, 904 S.W.2d 629, 635–36 (Tex.1995).

4. The TCHRA states a purpose to "provide for the execution of the policies of Title VII of the Civil Rights Act of 1964 and its subsequent amendments (42 U.S.C. Section 2000e et. seq.)." Tex. Lab.Code Ann. § 21.001 (West 1996). Therefore, when reviewing a case brought pursuant to Chapter 21, we may look to analogous federal provisions for guidance. *See Eckerdt v. Frostex Foods, Inc.*, 802 S.W.2d 70, 72 (Tex. App.—Austin 1990, no writ); *see also Austin*

*State Hosp. v. Kitchen*, 903 S.W.2d 83, 87–88 (Tex.App.—Austin 1995, no writ).

5. Passons requested the following "but for" instruction based on federal pattern jury charges:

Constructive discharge occurs when an employer intentionally makes an employee's working conditions so intolerable that a reasonable person would feel forced to resign and the employee's sex was *a motivating factor* in the employer's conduct.

(Emphasis added). See*Cooley v. Carmike Cinemas, Incorporated*, 25 F.3d 1325, 1333 (6th Cir. 1994) for a discussion of why "motivating factor" standard of causation is essentially the same as "but for" standard of causation.

471, 473 (Tex.1995); *Island Recreational Dev. Corp.*, 710 S.W.2d at 555.

The University contends that even if the jury charge was erroneous, Passons suffered no harm because, even if the jury charge had been correct, Passons failed to present sufficient evidence to support a jury finding of constructive discharge. Thus, we will examine the record to determine whether there was sufficient evidence from which a reasonable trier of fact could have concluded that the alleged discrimination occurred. *See Woodhouse*, 92 F.3d at 252–53.

■ As stated above, constructive discharge occurs when an employer makes conditions so intolerable that an employee reasonably feels compelled to resign. *Hammond*, 821 S.W.2d at 177; *Ugalde*, 990 F.2d at 242. There was considerable controversy in this case regarding Passons's allegations that her working conditions were intolerable. Passons produced evidence that after a University audit revealed that employees had allegedly used funds improperly, she was more harshly punished than were her male counterparts for engaging in essentially the same conduct. She testified that on the basis of the audit results, she was threatened with criminal and financial sanctions which she contends were unjustified and humiliating. Moreover, her supervisors belittled and demeaned her in front of her own staff, preventing her from effectively doing her job. Finally, the pervasiveness of the conduct and the attitudes of her supervisors convinced Passons that she was being forced out of her position.

While evidence generally of mere harassment, without more, is insufficient to raise an issue of material fact as to whether working conditions were so intolerable that a reasonable person would have felt compelled to resign, *see Bates v. Dallas Independent School District*, 952 S.W.2d 543, 551 (Tex. App.—Dallas 1997, writ denied), we cannot say as a matter of law that the cumulative effect of the conduct here could not support a

jury finding of constructive discharge.[6] *See Hinds*, 904 S.W.2d at 632 (pattern of retaliation including reprimands, adverse personnel action, unfavorable employee performance evaluation, and closer scrutiny of employee's work presented substantial evidence of constructive discharge); *Brown v. Montgomery County Hosp. Dist.*, 929 S.W.2d 577, 582 (Tex.App.—Beaumont 1996), *rev'd on other grounds*, 41 Tex. Sup.Ct. J. 537 (Mar. 13, 1998) (evidence that employer was forcing employee to resign or be fired sufficient to support a constructive discharge claim).

■ Moreover, Passons's testimony that she was ·more harshly punished than were her male counterparts for engaging in essentially the same conduct constituted evidence from which a jury might infer discrimination.[7] Discriminatory intent can generally only be inferred from circumstantial evidence. *Barnes v. Yellow Freight Sys., Inc.*, 778 F.2d 1096, 1101 (5th Cir.1985). When a supervisor of one class treats employees of the same class more favorably than similarly situated employees of another class under circumstances that are essentially identical, a jury might reasonably infer discriminatory intent. *Id.; see also Furnco Constr. Co. v. Waters*, 438 U.S. 567, 577, 98 S.Ct. 2943, 57 L.Ed.2d 957 (1978). This inference is possible because we assume that the employer acts on the basis of some underlying reason, either legitimate or not. *See Barnes*, 778 F.2d at 1101. Experience has proved that in the absence of any other explanation it is more likely than not that those actions were bottomed on impermissible considerations. *See Furnco*, 438 U.S. at 579–80, 98 S.Ct. 2943. Whether the University acted on the basis of discriminatory animus or legitimate reasons was a question for the jury.

Thus, we believe the questions surrounding discriminatory intent and working conditions were properly before the jury. Unfortunately, because of the improper instruction on causation submitted over objection, we are

---

6. In fact, the University unsuccessfully moved for summary judgment on this very issue.

7. Passons testified that she was punished for using CLE funds to pay expenses incurred by her husband in connection with CLE functions. Ac-

cording to Passons, her male predecessors as CLE director and her co-workers at the University were permitted to use CLE funds to pay for similar expenses for their spouses.

unable to conclude under the facts presented here that the error was harmless. *See* Tex. R.App. P. 44.1(a); *Hinds,* 904 S.W.2d at 637.

Based upon error in the court's charge, we reverse the judgment of the district court and remand this cause for a new trial. Because the admission or exclusion of evidence is so dependent upon the predicate and context surrounding the proffer, we decline to address Passons's complaints regarding the exclusion of evidence.