**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 98-20711
Summary Calendar

**GWEN ELLIOT**

**Plaintiff-Appellant,**

**versus**

**HORIZON HEALTHCARE CORPORATION**

**Defendant-Appellee.**

**Appeal from the United States District Court**
**for the Southern District of Texas**
**(H-97-CV-378)**
April 27, 1999

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

In this pregnancy discrimination case, appellant Gwen Elliot challenges the district court's grant of summary judgment in favor of Horizon Healthcare Corporation ("Horizon"). The district court wrote a comprehensive and careful opinion. Because we agree with the district court that Elliott was no longer qualified as a nursing assistant, due to medical restrictions imposed on her by her doctor, and because she produced no evidence that she was treated differently than non-pregnant employees, we affirm the grant of summary judgment for Horizon.

---

[*]Pursuant to **5TH CIR. R. 47.5,** the court has determined that **this opinion should not be published and is not precedent except for the limited circumstances set forth in 5TH CIR. R. 47.5.4.**

**BACKGROUND**

On January 4, 1996, Elliott began working for Horizon as a nursing assistant, a job that required her to perform such functions as grooming and bathing elderly patients, turning and repositioning patients, taking patients on walks, and assisting them into wheelchairs from their beds. Because of the physical demands placed on nursing assistants, the formal job description stated that they would be required to "continuously"[1] **lift objects from 1-75 pounds. Eight days after beginning work, Elliott informed her supervisor, Jill Schwartz, that she was pregnant. Elliott also produced a note from her doctor ordering her to perform "no lifting." Schwartz told Elliot that her doctor's restriction rendered her unqualified for a nursing assistant position and unless she could get the lifting restriction raised, there was no longer a position for her. Thus, Elliott returned to her doctor (three more times) and eventually obtained a doctor's order raising the restriction to 35 pounds.**

**Elliott then attempted to be reinstated as a nursing assistant or be reassigned to a different position.[2] Her efforts failed to secure a job because each of the jobs she requested had lifting requirements that exceeded the 35 pound restriction imposed**

---

[1]"Continuously" meant that nurses would be lifting objects at least 67% of the time.

[2]After appellant unsuccessfully requested reinstatement or reassignment from Schwartz, she made similar requests to Henry Backstrom, Horizon's regional manager for human resources, and Nancy Pearson, the facility administrator.

by her doctor.[3]  Each of the Horizon supervisors she spoke to reiterated that she did not qualify for any available position due to her lifting restriction and unless the restriction was raised, there was no position available for her.

After her attempts at securing continued employment failed, Elliott resorted to the courts for relief.  She brought the present suit in Texas state court under the Texas Commission on Human Rights Act ("TCHRA") alleging that Horizon discriminated against her because she was pregnant.  After Horizon removed the case to federal court, the district court granted summary judgment for Horizon, holding that Elliott failed to show a prima facie case of discrimination.

### STANDARD OF REVIEW

This court reviews the grant of summary judgment de novo.  Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Citrate, 477 U.S. 317, 322-24 (1986).  Under this standard, all fact questions must be viewed in the light most favorable to the non moving party, and questions of law are reviewed de novo.  See

---

[3]The formal job description for each of the three alternative positions requested by Elliott had lifting requirements that exceeded her limitations imposed by her doctor.  For instance, Laundry Assistants and Dietary Assistants were required to lift objects weighing between 36-75 pounds up to 33% of the time while Housekeepers were required to lift objects weighing between 36-50 pounds up to 10% of the time.

<u>Hassan v. Lubbock Indep. Sch. Dist.</u>, 55 F.3d 1075, 1079 (5th Cir. 1995).

**DISCUSSION**

The TCHRA forbids employment discrimination on the basis of sex. <u>See</u> Tex. Lab. Code Ann. § 21.051 (West 1996). Under the TCHRA, sex discrimination includes "discrimination because of or on the basis of pregnancy, childbirth, or a related medical condition." Tex. Lab. Code Ann. § 21.106(a) (West 1996).

Texas courts may rely on pertinent federal discrimination law in interpreting the relevant provisions of the TCHRA. <u>See</u> <u>Gold v. Exxon Corp.</u>, 960 S.W.2d 378, 380 (Tex. App.--Houston [14th Dist.] 1998, no writ); <u>Specialty Retailers, Inc. v. DeMoranville</u>, 933 S.W.2d 490, 492 (Tex. 1996) ("Because one purpose of the Commission on Human Rights Act is to bring Texas law in line with federal laws addressing discrimination, federal case law may be cited as authority."). To create a genuine, material fact issue concerning pregnancy discrimination under the federal and state standards, a plaintiff may offer either direct evidence or indirect evidence that satisfies her share of the burden-shifting test established by the Supreme Court in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 93 S. Ct. 1817 (1973). This test requires the plaintiff to show: "(1) she was a member of a protected class, (2) she was qualified for the position she lost, (3) she suffered an adverse employment action, and (4) that others similarly situated were more favorably treated." <u>Urbano v. Continental Airlines,</u>

4

<u>Inc.</u>, 138 F.3d 204, 206 (5th Cir.), <u>cert.</u> <u>denied</u> __ U.S. __, 119 S. Ct. 509 (1998); <u>see also</u> <u>Gold</u>, <u>supra</u>.

Appellant claims here, as in the district court, that Texas has abolished the prima facie requirements and burden shifting scheme of <u>McDonnell Douglas</u>, and she need only demonstrate that her pregnancy was a motivating factor in the termination. <u>See</u> <u>Texas Dep't of Human Serv. v. Hinds</u>, 904 S.W.2d 629 (Tex. 1995); <u>Passons v. University of Texas</u>, 969 S.W.2d 560 (Tx. App.--Austin 1998, no writ). These cases, however, do not abrogate the <u>McDonnell Douglas</u> standard as Elliott contends. <u>Hinds</u> specifically observes that the <u>McDonnell Douglas</u> burden-shifting scheme is applicable in employment discrimination cases, although the Texas court did not find that scheme, which requires the employer to articulate a legitimate nondiscriminatory reason, compatible with the plaintiff's burden of proof under the Texas Whistleblower Statute. <u>Passons</u> held only that but-for causation is the test of actionable discrimination rather than sole cause, and <u>Passons</u> held that federal standards apply to state law discrimination cases, 969 S.W.2d at 563. Elliott's ingenious argument is completely wrong.

Elliott alleges first that she adduced direct evidence of discrimination. Direct evidence of discrimination is evidence which, if believed, would prove discrimination without any inferences or presumptions. <u>See</u> <u>Bodenheimer v. PPG Indus., Inc.</u>, 5 F.3d 955, 958 (5th Cir. 1993). Appellant's only direct evidence of discrimination is the initial conversation she had with Schwartz

in which, according to appellant's brief, Schwartz told her that she could not keep her job because she was pregnant. Neither Appellant's affidavit nor her deposition indicates any such comment; instead, they show there was no work for her at Horizon because she could not perform the physical demands of employment. In her affidavit, Elliott testified that Schwartz "stated that I could not keep my job at the San Jacinto Manor while I was pregnant because I could not do the things that I was hired on to do." In her deposition, Elliott testified that Schwartz said "that with me being pregnant and unable to lift, she no longer had a position for me unless I could have the weight limit lifted." At the time the conversation occurred, Elliott showed Schwartz a doctor's note that ordered Elliott to perform "no lifting." Because Elliot could no longer perform all of the duties for which she was hired, she was told that she could retain her job only if her doctor raised the lifting restriction. The employer's concern was for her physical capability to do the work, not her pregnancy.

Alternatively, Elliott relies on indirect evidence under the McDonnell Douglas framework. In making a prima facie case based on indirect proof of discrimination, Elliott was required to show that "she was qualified for the position she lost." Urbano, 138 F.3d at 206. With a lifting restriction of 35 pounds, she was not qualified to be a nursing assistant or to hold the other physical labor positions at Horizon which she sought. Thus, Horizon was entitled to terminate her employment. Neither Texas law nor its federal counterpart requires employers "to grant

6

preferential treatment to pregnant women." <u>Id.</u> at 207. Instead, employers must ignore a woman's pregnancy and treat her like similarly situated employees. <u>Id.</u> This is what Horizon did. Each of the supervisors told Elliott that the lifting restriction -- not her pregnancy -- resulted in her termination.

Elliott has produced no evidence casting doubt on Horizon's policy or suggesting that she was treated differently than a nonpregnant employee who was physically unable to perform the demands of the job. In addition, Elliot admitted in her deposition that, due to her medical restriction, she did not meet the formal requirements for a nursing assistant, laundry assistant, dietary assistant, or housekeeper. In short, as the district court found, Elliott's indirect proof of discrimination fails because she failed to create genuine issues of material fact either on her qualifications or on disparate treatment of others.

## CONCLUSION

For the foregoing reasons, the district court's order, granting summary judgment for appellee Horizon Healthcare Corporation is **AFFIRMED.**