Affirmed and Opinion filed _____________, 2002
















Affirmed and Opinion
file November 14, 2002.                                                           

 

 

 

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-01-01111-CV  

____________

 

DR. SHU ZHI WU,
Appellant

 

V.

 

M.D.
 ANDERSON CANCER
 CENTER, Appellee

 

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



On Appeal from the
189th District Court

Harris
 County, Texas

Trial Court Cause
No. 99-06928




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



O P I N I
O N

            Appellant Dr. Shu
Zhi Wu began managing data for the Neurosurgery
Department of M.D. Anderson Hospital in 1993 when he was 61 years old.  The Department gradually grew as the number of
doctors and surgeries increased.  In
1995, Dr. Wu suffered a heart attack, but returned to work a month later.  In mid-1997, the Department hired Dr. Abi-Said, a 34-year-old epidemiologist, to create and
manage a more sophisticated database and supervise Dr. Wu.  

In January 1998, a surgeon questioned the accuracy of Dr.
Wu’s data.  After an investigation, Dr. Abi-Said wrote a memo to Dr. Wu on February 10, 1998 detailing certain
inaccuracies and expressing confidence that Dr. Wu would address them.  Three days later, he resigned, though he was
granted four months’ extended leave for his retirement to vest.  Shortly thereafter, Dr. Wu filed age and
disability claims with the Texas Commission on Human Rights Act (“TCHRA”), and
then this suit.[1]  

            The hospital moved for summary judgment on grounds that
there was neither constructive discharge nor discrimination.  Because the trial court stated no reasons, we
may affirm on any ground advanced in the motions.  See  FM Props. Operating Co. v. City of Austin, 22 S.W.3d 868, 872 (Tex. 2000).   We review the summary judgment evidence
in the light most favorable to Dr. Wu.  KPMG Peat Marwick v. Harrison County Housing Finance Corp.,
988 S.W.2d 746, 748 (Tex. 1999).

Both of Dr. Wu’s claims require proof that discrimination was a motivating factor in
an adverse employment decision. See
generally Tex. Lab. Code Ann. §§ 21.051–21.306.  Although Dr. Wu resigned, he alleges he was
constructively discharged.  Constructive
discharge serves as a legal substitute for the discharge element of a prima
facie case of discrimination.  Hammond v. Katy I.S.D., 821
S.W.2d 174, 177 (Tex. App.—Houston [14th Dist.] 1991, no writ.).  But it occurs only when an employer makes
conditions so intolerable a reasonable person in the employee's position would
have felt compelled to resign.  Id.  In making our inquiry, we examine only the conditions
imposed, not the state of mind of employer or employee.  Id. 
We have held that derogatory comments resulting from disciplinary proceedings,
unfavorable work evaluations, or humiliation or embarrassment stemming from a
transfer to a different position are insufficient to support a claim for
constructive termination.  Id. at 178.  

In his brief, Wu lists ten occurrences that he says forced
him to resign.  Three of these were
trifling—he was moved from a small private office to a larger one he shared,
his phone line was changed from a direct one to one answered by a receptionist,
and his file cabinets were moved to a hallway. 
Five concerned conditions that, while not pleasant, must commonly be
faced by employees—his workload increased as business grew, a younger person
was made his supervisor, files were destroyed that made his work harder, his
salary was frozen, and he heard that an administrator wanted to eliminate his
job.  One—Wu’s unfavorable evaluation in
the February 10th memo—we held in Hammond was
insufficient.

Dr. Wu’s final complaint is that a department administrator
told him he should retire, and that he concluded from this that she thought he
was too old and sick.  Wu admits this
conversation took place more than two years before he resigned, thus belying
any claim that it made his employment intolerable.

As a matter of law, we hold that Dr. Wu was not
constructively discharged.  The trial
court’s summary judgment is affirmed.

                                                                                                                                                                                                                                                                                                                                                                                                            /s/        Scott Brister

                                                                                                Chief
Justice

 

Judgment
affirmed and Opinion filed November
 14, 2002.

Panel
consists of Chief Justice Brister and Justices Hudson and Fowler.

Do
Not Publish — Tex. R.
App. P. 47.3(b).











[1] Dr. Wu’s
lawsuit also alleged intentional infliction of emotional distress, but on
appeal he does not challenge the trial court’s summary judgment on this claim.