COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS





EL PASO COMMUNITY COLLEGE,

                                    Appellant,

v.

ANTONIO LAWLER,

                                    Appellee. 

§
 
§
 
§
 
§
 
§

§


No. 08-08-00174-CV

Appeal from
 168th District Court

of El Paso County, Texas

(TC # 2006-206)



 

 

 




O P I N I O N

            This is an interlocutory appeal taken by the El Paso Community College District from an
order denying its plea to the jurisdiction. We affirm.
FACTUAL SUMMARY
            Antonio Lawler, who is Hispanic, began working for El Paso Community College District
(EPCC) in 1984 as a part-time, non-credit welding instructor. Until 2004, EPCC offered only non-credit welding courses. In 2004, EPCC began offering credit courses in welding which could lead
to an associates degree in Machining Technology. EPCC assigned Lee Lowers, a non-Hispanic, to
teach the credit courses and Lawler continued teaching the non-credit courses. In the summer of
2004, the credit and non-credit classes were combined due to low enrollment and Lowers was
assigned to teach the combined class. On June 10, 2004, Lawler sent a written memorandum to the
ATC


 Director, Carrie Powell, complaining that he had been scheduled to teach the course and it was
instead given to Lowers. Lawler expressed his belief that the decision was made because of his
national origin and he filed an EEOC complaint. EPCC subsequently determined that neither
Lowers nor Lawler was credentialed to teach the course. Powell recommended Lawler for credential
exception to the Faculty Credentials Review Committee (FCRC), but the FCRC rejected Lawler’s
application on August 18, 2004. In response to that decision, Lawler filed a retaliation charge with
the EEOC. Vice President Yolanda Ahner reviewed Lawler’s records and substituted course work
in order for Lawler to qualify for a certificate of completion from EPCC. Through the efforts of
Ahner, Lawler obtained his college-level certificate in November 2004 and he taught a credit
welding course beginning in January 2005.
            In September 2005, Craig Acuna provided Lawler with a new syllabus for the credit welding
course which he had drafted. The following month, the new ATC Director, Jose Canales, asked
Lawler whether he was using Acuna’s syllabus. Lawler responded that he had distributed the
syllabus to the class but it could not be used to teach the students what they needed to learn. Lawler
was instead using his own syllabus from the non-credit welding course. Canales ordered Lawler to
use the new syllabus. The following day, Lawler resigned because he felt that use of the syllabus
rendered the employment conditions intolerable. 
            Lawler filed suit on January 13, 2006, complaining EPCC discriminated against him because
of his Hispanic national origin when it did not accept his credentials to teach credit welding courses,
earmarked his faculty credentials form to prevent him from teaching credit welding courses, 
assigned him to teach only non-credit courses, and combined his non-credit class with a credit class
to be taught by a non-Hispanic instructor. Lawler also alleged that EPCC retaliated against him for
filing a discrimination complaint by not hiring him to teach welding courses, by requiring him to
apply for alternative credentials, and by requiring him to use the new syllabus when teaching the
credit welding course in the Fall of 2005. The following month, Lawler filed a third EEOC charge
alleging age discrimination and retaliation. On December 15, 2006, EPCC filed a plea to the
jurisdiction on the ground that because Lawler had failed to state a prima facie case of discrimination
under Chapter 21 of the Texas Labor Code, its sovereign immunity had not been waived.


 On July 5,
2007, Lawler amended his petition to include the age discrimination claim raised in the third EEOC
charge. The trial court denied the plea to the jurisdiction and EPCC filed notice of appeal.


 
EMPLOYMENT DISCRIMINATION
            In two issues, EPCC argues that the trial court erred by denying its plea to the jurisdiction
because Lawler failed to “plead or present facts to establish discrimination” on the basis of national
origin, age, or retaliation.
Sovereign Immunity
            Sovereign immunity deprives a trial court of subject-matter jurisdiction of lawsuits in which
the state or certain governmental units have been sued unless the state consents to suit. Texas
Department of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 224 (2004). The Texas Commission
on Human Rights Act provides a limited waiver of sovereign immunity when a governmental unit
has committed employment discrimination on the basis of race, color, disability, religion, sex,
national origin, or age. See Tex.Labor Code Ann. § 21.051 (Vernon 2006)(prohibiting unlawful
employment practices by “employer”); § 21.002(8)(D)(Vernon Supp. 2010)(defining “employer” to
include a county, municipality, state agency, or state instrumentality).
Plea to the Jurisdiction
            A plea to the jurisdiction is a dilatory plea that seeks dismissal of a case for lack of
subject-matter jurisdiction. Harris County v. Sykes, 136 S.W.3d 635, 638 (Tex. 2004); Bland
Independent School District v. Blue, 34 S.W.3d 547, 554 (Tex. 2000). The plaintiff has the burden
to allege facts that affirmatively demonstrate that the trial court has subject matter jurisdiction. 
Texas Association of Business v. Texas Air Control Board, 852 S.W.2d 440, 446 (Tex. 1993); Gomez
v. Housing Authority of the City of El Paso, 148 S.W.3d 471, 477 (Tex.App.--El Paso 2004, pet.
denied). When a plea to the jurisdiction challenges the pleadings, we construe the pleadings liberally
in favor of the plaintiff and review de novo whether the plaintiff has met his burden. Miranda, 133
S.W.3d at 226; Texas Department of Criminal Justice v. Cooke, 149 S.W.3d 700, 704 (Tex.App.--Austin 2004, no pet.). When a plea to the jurisdiction challenges the existence of jurisdictional facts,
we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional
issues. Miranda, 133 S.W.3d at 227; Cooke, 149 S.W.3d at 704. In some cases, the issue is whether
undisputed evidence of jurisdictional facts establishes a trial court’s jurisdiction. Miranda, 133
S.W.3d at 226. This is also a question of law subject to de novo review. Id. at 226. But in other
cases, there can exist disputed evidence of jurisdictional facts which also implicates the merits of the
case. Id. at 227. In that instance, the trial court reviews the relevant evidence to determine if a fact
issue exists. Id. If a fact issue exists, the trial court cannot grant the plea to the jurisdiction and the
fact issue must be resolved by the fact finder. Id. at 227-28. If the relevant evidence is undisputed
or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the
jurisdiction as a matter of law. Id. at 228. This standard mirrors that of a summary judgment under
Texas Rule of Civil Procedure 166a(c). Id. Where the pleading requirement has been met and
evidence has been submitted that implicates the merits of the case, we take as true all evidence
favorable to the nonmovant. Id. We indulge every reasonable inference and resolve any doubts in
the nonmovant’s favor. Id. 
Purported Challenge to the Pleadings
            We will first address EPCC’s purported challenge to Lawler’s pleadings. Although EPCC
includes a challenge to the pleadings in its statement of Issue Two, it does not specifically address
this argument in the body of the brief. Instead, EPCC focuses its entire argument on the evidence
submitted in support of its challenge to the jurisdictional facts. Rule 38.1(I) requires the brief to
contain a clear and concise argument for the contentions made, with appropriate citations to
authorities and to the record. Tex.R.App.P. 38.1(I). In the absence of any analysis of Lawler’s
pleadings or argument related to their adequacy, we find that this aspect of Issue Two is inadequately
briefed.
Challenge to the Jurisdictional Facts
            In its plea to the jurisdiction, EPCC challenged the existence of certain jurisdictional facts.
In discrimination cases based upon circumstantial evidence, the plaintiff must first establish a prima
facie case. Bowen v. El Paso Electric Company, 49 S.W.3d 902, 908 (Tex.App.--El Paso 2001, pet.
denied). The plaintiff must demonstrate: (1) he is a member of a protected class; (2), he suffered
an adverse employment action; (3) he was qualified for the job he held; and (4) he was replaced by
someone not in his protected class. Id. In establishing a prima facie case, the plaintiff is only
required to make a minimal showing. Id. at 908-09. Lawler is required to assert a prima facie case
of national origin and age discrimination for the trial court to have subject matter jurisdiction over
his claim. 
            If the plaintiff is successful in establishing a prima facie case, the burden of production shifts
to the employer to produce evidence that the plaintiff was terminated for a legitimate,
nondiscriminatory reason. Id. at 909. This burden is one of production only, not persuasion,
involving no credibility assessment. Id. Once the employer articulates a legitimate
nondiscriminatory reason for the adverse job action, the plaintiff may prove discrimination by
showing “that the legitimate reasons offered by the defendant were not its true reasons, but were a
pretext for discrimination.” Id., quoting Reeves v. Sanderson Plumbing Products, Inc., 530 U.S.
133, 143, 120 S.Ct. 2097, 2109, 147 L.Ed.2d 105 (2000). The plaintiff may do this by showing that
the employer’s proffered explanation is unworthy of credence. Id.
National Origin Discrimination Claim - Qualification Element
            It is undisputed that Lawler is a member of a protected class and he was not assigned to teach
the credit welding course in May 2004. EPCC contended in its plea to the jurisdiction that Lawler
was not qualified to teach the credit welding course at that time. If EPCC is correct, Lawler cannot
maintain his discrimination claim.
            Lawler received a certificate of completion in welding from the East Los Angeles Skills
Center in 1981. EPCC attached to its plea to the jurisdiction an affidavit of Nancy Nelson, Associate
Vice-President for Employee Relations of EPCC. She stated that the qualification requirements for
teaching credit welding courses are greater than the qualification requirements for teaching non-credit classes. To be qualified to teach a credit welding class, an instructor must have the minimum
of a certificate of completion in welding from a post-secondary institution. According to Nelson,
neither Lawler nor Lowers had the required certificate of completion. EPCC determined in 2003 that
Lowers was qualified to teach the credit welding course because he had a Texas Teachers Certificate
which his supervisors accepted as being equivalent to a Bachelor’s degree. She admitted that Lawler
had a Texas Teachers Certificate but claimed he did not submit it in 2003 as part of his faculty
credentialing materials and he had not submitted it by May 2004. Lawler presented evidence that
he had submitted his Texas Teachers Certificate to EPCC twice in 2003 and again in early 2004. It
was not until after Lawler voiced his national origin discrimination complaint and brought to
EPCC’s attention that he had a Texas Teachers Certificate that EPCC reconsidered the propriety of
qualifying an instructor based on a Texas Teachers Certificate. At that point, EPCC determined that
a Texas Teachers Certificate is not the equivalent of a Bachelor’s degree. 
            The issue is not what qualification standard applied after the alleged discriminatory act but
what standard applied at the time it occurred. EPCC established with its own evidence that an
instructor could qualify to teach a credit welding course in May 2004 if he possessed a Texas
Teachers Certificate. Lawler offered evidence that he had a Texas Teachers Certificate and he had
provided it to EPCC in 2003 and early 2004. This evidence is sufficient to create a fact issue as to
whether Lawler was qualified to teach the credit welding course under the qualification standard
utilized by EPCC in May 2004. The existence of this fact issue would preclude the granting of
EPCC’s plea to the jurisdiction. See Miranda, 133 S.W.3d at 227-28.
 

Age Discrimination and Retaliation - Adverse Employment Action Element
            EPCC next argues that sovereign immunity is not waived with respect to Lawler’s age
discrimination and retaliation claims because, with the exception of constructive discharge, the
actions he complains of are not adverse employment actions. In his second amended petition, Lawler
based his age discrimination claim on allegations that his age was a motivating factor in EPCC’s
decision (1) to exclude him from a meeting with Jose Canales where expectations of the faculty was
discussed, (2) to require him to attend a private meeting with Canales, and (3) to require him to
follow the course syllabus. Lawler also asserted that he was constructively discharged. In
connection with his retaliation claim, Lawler alleged that EPCC retaliated against him for filing a
discrimination complaint by requiring him to apply for alternative credentials, and by requiring him
to use the new syllabus when teaching the credit welding course in the Fall of 2005. He again
alleged he was constructively discharged. 
            An employment discrimination claim requires that the plaintiff prove that he suffered an
adverse employment action. See Bowen, 49 S.W.3d at 908 (stating elements of employment
discrimination claim under TCHRA). Likewise, a retaliation claim made under Section 21.055 of
the Texas Labor Code requires the plaintiff to make a prima facie showing that he suffered an
adverse employment action. See Bartosh v. Sam Houston State University, 259 S.W.3d 317, 329
(Tex.App.--Texarkana 2008, pet. denied); Dias v. Goodman Mfg. Co., L.P., 214 S.W.3d 672, 676
(Tex.App.--Houston [14th Dist.] 2007, pet. denied). To prove that a challenged action constitutes
an adverse employment action, the plaintiff must show that a reasonable employee would have found
the challenged action materially adverse, which in this context means it might well have dissuaded
a reasonable worker from making or supporting a charge of discrimination. Burlington Northern &
Santa Fe Railway Company v. White, 548 U.S. 53, 68, 126 S.Ct. 2405, 2415, 165 L.Ed.2d 345
(2006); Niu v. Revcor Molded Products Company, 206 S.W.3d 723, 731 (Tex.App.--Fort Worth
2006, no pet.)(applying Burlington standard to retaliation claim under TCHRA). The requirement
that an action be “materially adverse” exists to separate significant from trivial harms, such as “petty
slights, minor annoyances, and simple lack of good manners.” Burlington, 548 U.S. at 68; Niu, 206
S.W.3d at 731. The action is judged from the standpoint of a reasonable employee because the
standard for judging harm must be objective. Id. The standard is general because the significance
of any given act of retaliation will often depend upon the particular circumstances. Id.
            Lawler does not argue on appeal that exclusion from a meeting, required attendance at a
meeting, or being required to use a new syllabus are adverse employment actions under Burlington’s
standard. We find as a matter of law that a reasonable employee would not have found the
challenged actions materially adverse because they would not dissuade a reasonable worker from
making or supporting a charge of discrimination. However, Lawler also alleged he was
constructively discharged. Constructive discharge is an adverse employment action under
Burlington. 
            EPCC challenges Lawler’s claim of constructive discharge. A constructive discharge occurs
when an employer makes conditions so intolerable that an employee reasonably feels compelled to
resign. See Baylor Univ. v. Coley, 221 S.W.3d 599, 604-05 (Tex. 2007), citing Pennsylvania State
Police v. Suders, 542 U.S. 129, 141, 124 S.Ct. 2342, 2351, 159 L.Ed.2d 204 (2004); Hammond v.
Katy Independent School District, 821 S.W.2d 174, 177 (Tex.App.--Houston [14th Dist.] 1991, no
writ). Many factors are relevant to the consideration of whether the plaintiff was constructively
discharged, including evidence of badgering, harassment, or humiliation by the employer calculated
to encourage the employee’s resignation. Davis v. City of Grapevine, 188 S.W.3d 748, 766
(Tex.App.--Fort Worth2006, pet. denied). Even accepting Lawler’s pleadings as true, his allegations
related to the employment conditions do not state a prima facie case that the conditions were so
intolerable that an employee would reasonably feel compelled to resign. 
            We have also examined the evidence related to Lawler’s pleadings of constructive discharge
to determine if Lawler can establish a prima facie case of constructive discharge. In his affidavit,
Lawler related that in the summer of 2005, he was assigned to teach a welding course for the fall
semester. On September 2, 2005, the ATC director, Jose Canales, met with the faculty but Lawler
did not attend because he had not been notified about the meeting. Lawler stated in his pleadings
that Canales met with the faculty on this date to discuss his expectations of the faculty. Lawler also
described in his affidavit how Canales met with him on September 19, 2005 for the same purpose
but Canales never discussed his expectations of the faculty with Lawler. Canales did, however,
discuss Lawler’s charges of discrimination but there is no evidence that Canales made any statements
that would have caused an employee to reasonably feel compelled to resign. 
            Lawler also maintains in his affidavit that EPCC’s insistence that he use the new syllabus to
teach the Welding Using Multiple Processes course is the condition which compelled him to resign
his employment, or as he put it, the “last straw.” He related how Canales ordered him on
October 18, 2005 to use the new syllabus despite his objections. Lawler explained in his affidavit
that the Welding using Multiple Processes course is EPCC’s introductory welding course. It is the
foundation for all of the other credit welding courses offered by the College and the students are
expected to learn using the equipment in the welding laboratory. It was impossible for an instructor
to follow the new syllabus calendar because the College had limited equipment. As an example of
the problem, Lawler explained that the syllabus calendar required lab practice on four dates in
October for torch set-up and operation, torch cutting and plate preparation, and torch flame cutting
and oxy fuel welding, but there were only five torches for the class’s eleven students. In his
experience, the students needed three hours of practice on the torch each scheduled day to pass the
course and to be ready for the higher level credit welding courses. If the instructor used the new
syllabus, the students would be behind at the conclusion of the class and the instructor would not
have taught the students what they needed to learn. Lawler concluded that EPCC’s requirement that
he use the new syllabus had a materially adverse effect on the conditions of employment because he
could not teach the course using the syllabus. Consequently, he quit his position. 
            We find that a fact issue exists regarding whether Canales’ pointed insistence that Lawler use
a syllabus with which he fundamentally disagreed for the reasons set forth in his affidavit would
create the type of intolerable conditions that would cause him to reasonably feel compelled to resign. 
Given the existence of this fact issue, the trial court did not err by denying the plea to the jurisdiction
as it relates to the age discrimination and retaliation claims. We overrule Issues One and Two and
affirm the order denying the plea to the jurisdiction. 
 
November 30, 2010                                                                                                                                         ANN CRAWFORD McCLURE, Justice

Before McClure, J., Chew, J., and Barajas, C.J. (Ret.)
Chew, Judge, sitting by assignment
Barajas, C.J. (Ret.), sitting by assignment