ACCEPTED
15-25-00037-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
7/14/2025 7:48 PM
CHRISTOPHER A. PRINE
CLERK

15-25-00037-CV

IN THE COURT OF APPEALS
FOR THE FIFTEENTH DISTRICT
AUSTIN, TEXAS

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS

7/14/2025 7:48:28 PM

CHRISTOPHER A. PRINE
Clerk

TEXAS ALCOHOLIC BEVERAGE COMMISSION,
Appellant-Defendant,

v.

EARL PEARSON,
Appellee-Plaintiff.

On Appeal from the 261st Judicial District Court, Travis County, Texas
Trial Court Cause No. D-1-GN-18-001703

APPELLEE'S BRIEF

APPELLEE HEREBY REQUESTS ORAL ARGUMENT

John F. Melton
Email: jmelton@jfmeltonlaw.com
State Bar No. 24013155
THE MELTON LAW FIRM, P.L.L.C.
925 S. Capital of Texas Hwy, Suite B225
Austin, Texas 78746
(512) 330-0017 Telephone
ATTORNEY FOR APPELLANT

# TABLE OF CONTENTS

Page

IDENTITIES OF PARTIES.............................................................................3

INDEX OF AUTHORITIES ...........................................................................5

STATEMENT OF THE CASE.........................................................................6

STATEMENT REGARDING ORAL ARGUMENT.........................................6

ISSUE PRESENTED......................................................................................7

STATEMENT OF FACTS ..............................................................................7

SUMMARY OF THE ARGUMENT................................................................8

ARGUMENT....................................................................................... ....8

PRAYER.......................................................................................................15

# IDENTITIES OF PARTIES AND COUNSEL

PLAINTIFF:      Earl Pearson

APPELLANT COUNSEL
FOR PLAINTIFF:     John F. Melton

           State Bar No. 24013155

           Email: jmelton@jfmeltonlaw.com

           The Melton Law Firm, PLLC

           925 S. Capital of Texas Hwy, Suite B225

           Austin, Texas 78746

           Phone  (512) 330-0017

TRIAL COUNSEL
FOR PLAINTIFF:     John F. Melton

           State Bar No. 24013155

           Email: jmelton@jfmeltonlaw.com

           The Melton Law Firm, PLLC

           925 S. Capital of Texas Hwy, Suite B225

           Austin, Texas 78746

           Phone  (512) 330-0017

DEFENDANT:      TEXAS ALCOHOL BEVERAGE
           COMMISSION

APPELLATE COUNSEL FOR
DEFENDANT:      C. Lee Winkelman

           State Bar No. 24042176

           Email: lee.winkelman@oag.texas.gov

           Assistant Attorney General

General Litigation Division

P.O. Box 12548, Capitol Station

Austin, Texas 78711-2548

Phone (737) 231-7737

TRIAL COUNSEL FOR
DEFENDANT:

C. Lee Winkelman

State Bar No. 24042176

Email: lee.winkelman@oag.texas.gov

Assistant Attorney General

General Litigation Division

P.O. Box 12548, Capitol Station

Austin, Texas 78711-2548

Phone (737) 231-7737

# INDEX OF AUTHORITIES

**CASES**                                                                                    **Page**

*Abramson v. William Paterson College of New Jersey*, 260 F.3d 265, 277-78 (3rd Cir. 2001)                                                                                                      11

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).                                                                                                         8

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548 (1986)                           8

*Charbonnages de France v. Smith*, 587 F.2d 406, 414 (4th Cir. 1979)                          10

*Cherry v. Menard, Inc.*, 101 F.Supp. 2d 1160, 1167 (N.D. Iowa 2000)                           11

*Equal Emp't Opportunity Comm'n v. LHC Grp., Inc.*, 773 F.3d 688 (5th Cir., 2014)

*Goosby v. Johnson & Johnson Medical, Inc.*, 228 F.3d 313, 321 (3rd Cir. 2000)      11

*Gallagher v. Delaney*, 139 F. 3d 338, 343-44(2nd Cir. 1998                                    11

*Hansen v. Aon Risk Servs. of Tex., Inc.*, 473 F. Supp. 2d 743 (S.D. Tex. 2007)      5

*Hunt v. Cromartie*, 525 U.S. 541, 549, 551-52 (1999)                                          9

*Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1265 (5th Cir. 1991)                10

*Johnson v. U. of Cincinnati*, 215 F.3d 561, 578 (6th Cir. 2000)                              11

*Lowe v. City of Monrovia*, 775 F.2d 998, 1009 (9th Cir.1985)                                 11

*Nichols v. Loral Vought Systems, Corp.*, 81 F.3d 38, 41 (5th Cir.1996).                       9

*Mackey v. Enventives*, L.L.C., 802 Fed.Appx. 835, 836-37 (5th Cir. 2020)               7,9

*Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 638 (Tex. 2012)      6

*Northwestern Resources Co. v. Banks*, 4 S.W.3d 92, 96 (Tex.App.—Waco 1999) 12

*Passons v. The University of Texas at Austin*, 969 S.W.2d 560, 564 (Tex.App.—Austin 1998, no pet.)                                               12

*Quantum Chemical Corp. v. Toennies*, 47 S.W.3d 473, 477 (Tex.2001)             12

*Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 147-48 (2000)     12

*Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).     10

*Royal v. CCC & R Tres Arboles, L.L.C.*, 736 F.3d 396, 400 (5th Cir.2013)       8

*Stewart v. Rutgers University*, 120 F.3d 426, 431 (3rd Cir. 1997)               11

*Texas Dep't of Community Affairs v. Burdine*, 450 U.S.248, 253 (1981)          9

*United States Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 716, 103 S.Ct. 1478, 75 L.Ed.2d 403 (1983)                                            10

*Vielma v. Eureka Co.*, 218 F.3d 458 (5th Cir. 2000)                            5

*Zysk v. FFE Minerals, USA, Inc. et al.*, Civ. Action No. 00-5874, 2001 U.S. Dist. LEXIS 20914 *6-7 (E.D. Pa. Dec. 15, 2001)                               11

## STATEMENT OF THE CASE

Appellant filed this lawsuit on April 8, 2018. C.R. 5-10. Appellee filed an amended plea to the jurisdiction and motion for summary judgment on October 24, 2024. C.R. 241-393. Appellee responded on February 27, 2025. C.R. 423-434. The trial court denied Appellee's motion on March 13, 2025. C.R. 456-457. This appeal followed. C.R. 462-465.

## STATEMENT REGARDING ORAL ARGUMENT

Plaintiff respectfully requests oral argument in this case. The matter at issue is factually intensive and appellant believes oral argument would be beneficial.

## ISSUE PRESENTED

Whether the trial court erred in denying Appellee's Plea to the Jurisdiction and Motion for Summary Judgment.

## STATEMENT OF FACTS

Plaintiff, an African-American male, began working for the TABC in 2009. On July 5, 2017 he was Chief of Enforcement for the Agency when he was notified that he was being terminated. C.R. 435-442. Plaintiff did not have any performance or disciplinary issues. Plaintiff was told by TABC that the Agency was being taken in a new direction and that Plaintiff was not part of that direction. No performance or disciplinary issues were cited for his termination. Id.

2

Soon after Plaintiff was fired in July, 2017 Plaintiff had a phone conversation with Robert Saenz, Executive Chief of the TABC and Plaintiff's supervisor at TABC prior to Plaintiff's termination. Saenz informed Plaintiff that his termination was a mistake and that they had actually meant to fire Plaintiff's African-American co-worker, Dexter Jones. He told Plaintiff that a Texas House Representative, Sarah Davis, had issues with Dexter Jones due to disputes between the agency and certain retailers and wanted to see him terminated. According to Robert Saenz there was a mistake and instead of firing Dexter the agency fired Plaintiff and had, "fired the wrong black guy." Robert encouraged Plaintiff to contact Don Rupp, Director of Human Rexources, for more information. Id.

Plaintiff spoke with Don Rupp and he told Plaintiff specifically that his performance had nothing to do with his termination and that Rupp was bothered by it. Rupp also stated that he did not understand why Plaintiff had been terminated. Plaintiff told Rupp that the Texas Workforce Commission sent him a letter saying that TABC had cited his performance as the reason for termination. Don Rupp insisted that was not true and that he would work to correct that with TWC. Plaintiff told Don Rupp what Robert Saenz had told him about "the wrong black guy" being fired and Rupp assured Plaintiff that there was no legitimate reason for my termination. Id.

After Plaintiff was terminated, Plaintiff learned from Robert Saenz that Victor Kuykendoll, a white male, had replaced him as Chief of Enforcement. Id.

## SUMMARY OF THE ARGUMENT

The trial court did not err in denying Appellee's Plea to the Jurisdiction and Motion for Summary Judgment. As the facts above and the argument below show, there is a fact issue as to whether or not Appellee was fired simply because he is black. Appellant fired the "wrong black guy." This is the rare case in which Appellant rather clearly and overtly discriminated against Appellee simply based on his race.

## ARGUMENT

### I.

### Introduction

Appellant titled its filing as a plea to the jurisdiction and a motion for summary judgment, but Appellant really made no summary judgment argument other than citing the standards, but rather based its motion on the standard for a plea to the jurisdiction.

### II.

### Plea to the Jurisdiction

#### A. Failure to Exhaust

Appellant misstated the law in regard to the failure to exhaust and the case law it cites shows that. It is very important to note that the right to sue letter issued in this

4

case came from the EEOC, not the Texas Workforce Commission. Defendant's own cited law, *Hansen v. Aon Risk Servs. of Tex., Inc.*, 473 F. Supp. 2d 743, 748 (S.D. Tex. 2007) states that, "the EEOC's "right to sue" letter could not trigger the 60-day filing period under § 21.254 (citing *Vielma v. Eureka Co.*, 218 F.3d 458, 465-468 (5th Cir. 2000)". *Hansen* specifically involved a case where a TWC right to sue letter had been issued. That is not the case here. Under *Vielma*, when an EEOC right to sue letter is at issue, the 60 day period in 21.254 is never implicated and a Appellee need only comply with the two year statute of limitations in Section 21.256. *Id*. At 463. There is no dispute that suit was filed within the two year statute of limitations. Appellee has successfully exhausted his administrative remedies.

**B.    Direct Evidence**

First, Appellee is not bound by the burden shifting framework required of a circumstantial evidence claim. Appellee has direct evidence of racial discrimination in this case, which obviates the need for establishment of a prima facie case. Appellee has pled and has provided a declaration (see Appellee's First Amended Petition and Exhibit "A", declaration of Earl Pearson) that the Executive Chief of the TABC told him that the Commission had, "fired the wrong black guy." C.R. 423-434. This is an admission by Appellant of direct evidence of race discrimination in that if Appellee had not happened to be a black man he never would have been fired.

5

Appellant has admitted that the only reason Appellee was fired was because he was black.

## C. Prima Facie Case

In the event the Court rules that Appellee does have to meet the *McDonnell Douglas* standard, Appellant misstates what Appellee's burden is at the plea to the jurisdiction stage. An Appellee is not required to marshal evidence and prove his claim to establish the Court's jurisdiction. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 638 (Tex. 2012). While a Appellee must plead the elements of his statutory cause of action — the basic facts that make up the prima facie case—so that the court can determine whether she has sufficiently alleged a TCHRA violation, he will only be required to submit evidence if the Appellant presents evidence negating one of those basic facts. *Id.* And even then, the Appellee's burden of proof with respect to those jurisdictional facts must not "involve a significant inquiry into the substance of the claims." *Id.*

Appellant has not negated any of Appellee's basic facts.

In this case, Appellant asserts that Appellee has failed to plead sufficient facts to establish a prima facie discrimination case, but fails at any point to state what those elements are or which of those elements he has failed to adequately plead. For this reason alone Appellant's plea was properly denied.

6

Regardless, Appellee has pled sufficient facts to support a prima facie case of race discrimination. C.R. 5-10. To establish a prima facie case of race discrimination, the employee must show that he is (1) a member of a protected class; (2) was qualified for his position; (3) suffered an adverse employment action; and (4) was replaced by someone outside his protected class, or that others similarly situated outside the protected class were treated more favorably. *Mackey v. Enventives*, L.L.C., 802 Fed.Appx. 835, 836-37 (5th Cir. 2020).

Here, Appellee has pled that he was in a protected class (African-American), that he was qualified for his position (including that he was an 8 year employee and the Director of HR said there was no reason for him to be terminated , that he was terminated and that he was replaced by someone outside his protected class. C.R. 5-10.

**D.      Pretext**

There is ample evidence of pretext to raise an issue of material fact.  First, Robert Saenz admitted the reason given for termination was false.  See Exhibit A to Plaintiff's Response. C.R. 423-434   In addition, in its plea Appellant has cited misconduct and lack of leadership and initiative as reasons for termination.  However as Defendant's own Exhibit 4 shows, there was no mention of any reason for termination other than his being an at-will employee.  Defendant's changing stories

7

on the reason for termination raise a fact issue as to what the actual reason was and is evidence of pretext.

Defendant's Plea to the Jurisdiction was properly denied.

## III.

## Summary Judgment

### A. Summary Judgment Standard in Employment Cases

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A genuine dispute of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party.' " *Royal v. CCC & R Tres Arboles, L.L.C.*, 736 F.3d 396, 400 (5th Cir.2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the moving party succeeds, the onus shifts to "the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific

8

facts showing that there is a genuine issue for trial.' " *Id.* at 324, 106 S.Ct. 2548. The court must "draw all reasonable inferences in favor of the nonmoving party" and "refrain from making credibility determinations or weighing the evidence.". *Equal Emp't Opportunity Comm'n v. LHC Grp., Inc.*, 773 F.3d 688 (5th Cir., 2014)

1.    The Appellee's burden to establish a prima facie discrimination case is not difficult

To establish a prima facie case of race discrimination under the TCHRA, a Appellee must show that (1) a member of a protected class; (2) was qualified for his position; (3) suffered an adverse employment action; and (4) was replaced by someone outside his protected class, or that others similarly situated outside the protected class were treated more favorably. *Mackey v. Enventives*, L.L.C., 802 Fed.Appx. 835, 836-37 (5th Cir. 2020). The prima facie burden is not onerous and the Appellee must make only a minimal showing. See *Texas Dep't of Community Affairs v. Burdine*, 450 U.S.248, 253 (1981); *Nichols v. Loral Vought Systems, Corp.*, 81 F.3d 38, 41 (5th Cir.1996).

2.    Summary Judgment in employment cases should rarely be granted

Even when the underlying facts are not in dispute "motivation is itself a factual question" that is subject to conflicting inferences and cannot be decided on summary judgment. *Hunt v. Cromartie*, 525 U.S. 541, 549, 551-52 (1999).

When an employment dispute depends on the employer's motive or state of mind, summary judgment is not appropriate. As the Fifth Circuit noted in *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1265 (5th Cir. 1991),

> This is so because it is particularly difficult for the nonmoving party to challenge the "self-serving testimony" of the moving party without the benefit of trial accessories, namely cross-examination."

"[S]ummary judgment is seldom appropriate in cases wherein particular states of mind are decisive elements of [a] claim." *Charbonnages de France v. Smith*, 587 F.2d 406, 414 (4th Cir. 1979). Resolution of questions of intent depend on credibility determinations which must be reserved for trial. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985). Thus, courts must take special care in discrimination cases where the critical issue is discriminatory motive or intent. Id. at 364.

Courts have recognized that in discrimination and retaliation cases, an employer's true motivations are particularly difficult to ascertain. See *United States Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 716, 103 S.Ct. 1478, 75 L.Ed.2d 403 (1983) (acknowledging that discrimination cases present difficult issues for the trier of fact, as "[t]here will seldom be 'eyewitness' testimony as to the employer's mental processes"), thereby frequently making such factual determinations

unsuitable for disposition at the summary judgment stage. See *Lowe v. City of Monrovia*, 775 F.2d 998, 1009 (9th Cir.1985) (stating that very little additional evidence is required to raise a genuine issue of fact regarding motive, and concluding that summary judgment on the merits is ordinarily inappropriate once a prima facie case has been established).

The requirements that the court should view the facts in the light most favorable to the non-moving party and draw all inferences in that party's favor are to be applied with added rigor in employment cases, where intent and credibility are crucial issues. See e.g. *Stewart v. Rutgers University*, 120 F.3d 426, 431 (3rd Cir. 1997). See also, *Zysk v. FFE Minerals, USA, Inc. et al.*, Civ. Action No. 00-5874, 2001 U.S. Dist. LEXIS 20914 (E.D. Pa. Dec. 15, 2001), *6-7, citing *Goosby v. Johnson & Johnson Medical, Inc.*, 228 F.3d 313, 321 (3rd Cir. 2000); *Gallagher v. Delaney*, 139 F. 3d 338, 343-44(2nd Cir. 1998); *Abramson v. William Paterson College of New Jersey*, 260 F.3d 265, 277-78 (3rd Cir. 2001); *Johnson v. U. of Cincinnati*, 215 F.3d 561, 578 (6th Cir. 2000); *Cherry v. Menard, Inc.*, 101 F.Supp. 2d 1160, 1167 (N.D. Iowa 2000) (collecting cases holding that summary judgment should seldom be used in employment cases).

3.     Appellee has direct evidence of racial discrimination and can also defeat summary judgment through circumstantial evidence

As noted above, Appellee has direct evidence of race discrimination - Saenz admission regarding terminating the wrong black guy.  C.R. 423-434.

Since  employers rarely admit that they acted for illegal reasons, direct evidence of a discriminatory intent is rare, and Appellees ordinarily must prove pretext by circumstantial evidence. See *Northwestern Resources Co. v. Banks*, 4 S.W.3d 92, 96 (Tex.App.—Waco 1999) (finding more than a-scintilla- of evidence of pretext). See *Passons v. The University of Texas at Austin*, 969 S.W.2d 560, 564 (Tex.App.—Austin 1998, no pet.) ("Discriminatory intent can generally only be inferred from circumstantial evidence.").

In a unanimous decision in 2000, the United States Supreme Court has held that when there is evidence that the employer's explanation for discharge is unworthy of credence, that is circumstantial evidence of discrimination. See *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 147-48 (2000) ("[T]he trier of fact can reasonably infer from the falsity of the explanation that the employer is dissembling to cover up a discriminatory purpose."). This decision has been followed by the Texas Supreme Court as well. See *Quantum Chemical Corp. v. Toennies*, 47 S.W.3d 473, 477 (Tex.2001) ("Proving that the employer's stated reasons for the

firing is a pretext is ordinarily sufficient to permit the trier of fact to find that the employer is actually motivated by discrimination.") (citing *Reeves*, 530 U.S. 133, 147-48).

**B.    Argument**

The same arguments made in regard to Defendant's plea to the jurisdiction apply equally and as convincingly to Defendant's motion for summary judgment.

In the interest of brevity, rather than restate them in whole, Appellee reiterates his arguments that Appellee has provided direct evidence of race discrimination, that Appellant has not properly identified on what basis Appellant is challenging his prima facie case, that, regardless, Appellee has established a prima facie race discrimination claim and that there is a material issue of genuine fact in regard to the pretextual nature of Defendant's reason for termination. C.R. 423-434

Defendant's Motion for Summary Judgment was properly denied.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, APPELLEE prays that the trial court's decision be affirmed and this matter remanded for a trial on the merits in front of a Travis County jury as the Texas Constitution provides.

# CERTIFICATE OF COMPLIANCE

This brief contains 3,463 words according to Wordperfect 2021.

/s/ John F. Melton

John F. Melton

Respectfully submitted,

The Melton Law Firm, P.L.L.C.
925 South Capital of Texas Highway, Ste. B225
Austin, Texas 78746
(512) 330-0017 Telephone

/s/ John F. Melton

John F. Melton
EMAIL: jmelton@jfmeltonlaw.com
State Bar No. 24013155

ATTORNEYS FOR APPELLEE

14

## CERTIFICATE OF SERVICE

By my signature below, I hereby certify that a true and correct copy of the foregoing document has been served on all parties of record **Via Email** on this 14th of July, 2025, addressed as follows:


Email: lee.winkelman@oag.texas.gov

C. Lee Winkelman

Assistant Attorney General

General Litigation Division

P.O. Box 12548, Capitol Station

Austin, Texas 78711-2548

Phone (737) 231-7737

/s/ John F. Melton

John F. Melton

15-25-00037-CV

IN THE COURT OF APPEALS
FOR THE FIFTEENTH DISTRICT
AUSTIN, TEXAS

TEXAS ALCOHOLIC BEVERAGE COMMISSION,
Appellant-Defendant,

v.

EARL PEARSON,
Appellee-Plaintiff.

On Appeal from the 261st Judicial District Court, Travis County, Texas
Trial Court Cause No. D-1-GN-18-001703

APPELLEE'S APPENDIX

John F. Melton
Email: jmelton@jfmeltonlaw.com
State Bar No. 24013155
THE MELTON LAW FIRM, P.L.L.C.
925 S. Capital of Texas Hwy, Suite B225
Austin, Texas 78746
(512) 330-0017 Telephone
ATTORNEY FOR APPELLEE

APPELLEE'S APPENDIX

1.  Order Denying Defendant's Plea to the Jurisdiction and Motion for
    Summary Judgment

2.  Plaintiff's Response Defendant's Plea to the Jurisdiction and Motion for
    Summary Judgment

3.  Plaintiff's First Amended Original Petition

# TAB 1

CAUSE NO.: D-1-GN-18-001703

| | | |
|---|---|---|
| EARL PEARSON | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | 261st JUDICIAL DISTRICT |
| | § | |
| TEXAS ALCOHOLIC BEVERAGE | § | |
| COMMISSION | § | |
| Defendant. | § | TRAVIS COUNTY, TEXAS |

## ORDER DENYING DEFENDANT'S PLEA TO THE JURISDICTION AND MOTION FOR SUMMARY JUDGMENT

On the 11th day of March, 2025, came on to be heard, Defendant's Plea to the Jurisdiction and Motion for Summary Judgment. Having considered the motion, the Plaintiff's response thereto, and arguments of counsel, the Court hereby denies Defendant's Plea to the Jurisdiction and Motion for Summary Judgment.

IT IS THEREFORE ORDERED, that Defendant's Plea to the Jurisdiction and Motion for Summary Judgment are DENIED.

SIGNED this ___13th___ day of _____March_____, 2025.

_Laurie Eiserloh_

Honorable Laurie Eiserloh
455th Judicial District Judge, Travis County



AGREED AS TO FORM:


/s/ *Michael W. Balcezak*
Michael W. Balcezak
State Bar No.: 24012236
email:  Michael@jfmeltonlaw.com
THE MELTON LAW FIRM, P.L.L.C.
925 S. Capital of Tex. Highway, Ste B225
Austin, Texas 78746
Telephone: 512/330-0017
ATTORNEYS FOR PLAINTIFF


/s/ *Kelsey L. Warren   (Signed with permission)*
Kelsey L. Warren
State Bar No.:  24095736
Assistant Attorney General
email:  kelsey.warren@oag.texas.gov
Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
ATTORNEYS FOR DEFENDANT

I, VELVA L. PRICE, District Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office On 04/07/2025 08:42:45

VELVA L. PRICE
DISTRICT CLERK
By Deputy: SH

2

# TAB 2

2/27/2025 3:40 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-18-001703
Susan Poodiack

CAUSE NO.: D-1-GN-18-001703

| | | |
|---|---|---|
| EARL PEARSON, | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| v. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| TEXAS ALCOHOLIC BEVERAGE | § | |
| COMMISSION, | § | |
| *Defendant,* | § | 261ST JUDICIAL DISTRICT |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S PLEA TO THE JURISDICTION AND MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE COURT:

NOW COMES Plaintiff, and hereby files this Response to Defendant's Plea To The Jurisdiction and Motion For Summary Judgment, and would respectfully show as follows:

### I.

### Introduction

Defendant has titled its filing as a plea to the jurisdiction and a motion for summary judgment, but Defendant really makes no summary judgment argument other than citing the standards, but rather bases its motion on the standard for a plea to the jurisdiction. Therefore, Plaintiff asserts that there is no motion for summary judgement before the court and there is solely a plea to the jurisdiction. In an abundance of caution, Plaintiff will address both issues, but maintains that no summary judgment motion is before the Court.



*Page 1*

## II.

### Plea to the Jurisdiction

**A.    Failure to Exhaust**

Defendant misstates the law in regard to the failure to exhaust and the case law it cites shows that. It is very important to note that the right to sue letter issued in this case came from the EEOC, not the Texas Workforce Commission. Defendant's own cited law, *Hansen v. Aon Risk Servs. of Tex., Inc.*, 473 F. Supp. 2d 743, 748 (S.D. Tex. 2007) states that, "the EEOC's "right to sue" letter could not trigger the 60-day filing period under § 21.254 (citing *Vielma v. Eureka Co.*, 218 F.3d 458, 465-468 (5th Cir. 2000)". *Hansen* specifically involved a case where a TWC right to sue letter had been issued. That is not the case here. Under *Vielma*, when an EEOC right to sue letter is at issue, the 60 day period in 21.254 is never implicated and a Plaintiff need only comply with the two year statute of limitations in Section 21.256. *Id.* At 463. There is no dispute that suit was filed within the two year statute of limitations. Plaintiff has successfully exhausted his administrative remedies.

**B.    Direct Evidence**

First, Plaintiff is not bound by the burden shifting framework required of a circumstantial evidence claim. Plaintiff has direct evidence of racial discrimination in this case, which obviates the need for establishment of a prima facie case. Plaintiff has pled and has provided a declaration (see Plaintiff's First Amended Petition and Exhibit "A", declaration of Earl Pearson) that the Executive Chief of the TABC told him that the Commission had, "fired the wrong black guy." This is an admission by Defendant of direct evidence of race discrimination in that if Plaintiff had not happened to be a black man he never would have been fired. Defendant has admitted that the only reason Plaintiff was fired was because he was black.

## C. Prima Facie Case

In the event the Court rules that Plaintiff does have to meet the *McDonnell Douglas* standard, Defendant misstates what Plaintiff's burden is at the plea to the jurisdiction stage. A plaintiff is not required to marshal evidence and prove his claim to establish the Court's jurisdiction. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 638 (Tex. 2012). While a plaintiff must plead the elements of his statutory cause of action — the basic facts that make up the prima facie case—so that the court can determine whether she has sufficiently alleged a TCHRA violation, he will only be required to submit evidence if the defendant presents evidence negating one of those basic facts. *Id*. And even then, the plaintiff's burden of proof with respect to those jurisdictional facts must not "involve a significant inquiry into the substance of the claims." *Id*.

Defendant has not negated any of Plaintiff's basic facts.

In this case, Defendant asserts that Plaintiff has failed to plead sufficient facts to establish a prima facie discrimination case, but fails at any point to state what those elements are or which of those elements he has failed to adequately plead. For this reason alone Defendant's plea should be denied.

Regardless, Plaintiff has pled sufficient facts to support a prima facie case of race discrimination. To establish a prima facie case of race discrimination, the employee must show that he is (1) a member of a protected class; (2) was qualified for his position; (3) suffered an adverse employment action; and (4) was replaced by someone outside his protected class, or that others similarly situated outside the protected class were treated more favorably. *Mackey v. Enventives, LLC*, 802 Fed.Appx. 835, 836-37 (5th Cir. 2020).

Here, Plaintiff has pled that he was in a protected class (African-American), that he was qualified for his position (including that he was an 8 year employee and the Director of HR said there was no reason for him to be terminated , that he was terminated and that he was replaced by someone outside his protected class.

**D.     Pretext**

There is ample evidence of pretext to raise an issue of material fact.  First, Robert Saenz admitted the reason given for termination was false.  See Exhibit A.  In addition, in its plea Defendant has cited misconduct and lack of leadership and initiative as reasons for termination. However as Defendant's own Exhibit 4 shows, there was no mention of any reason for termination other than his being an at-will employee.  Defendant's changing stories on the reason for termination raise a fact issue as to what the actual reason was and is evidence of pretext.

Defendant's Plea to the Jurisdiction should be denied.

## III.

### Summary Judgment

**A.     Summary Judgment Standard in Employment Cases**

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A genuine dispute of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party.' " *Royal v. CCC & R Tres Arboles, L.L.C.*, 736 F.3d 396, 400 (5th Cir.2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248,  106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the

record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the moving party succeeds, the onus shifts to "the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " *Id.* at 324, 106 S.Ct. 2548. The court must "draw all reasonable inferences in favor of the nonmoving party" and "refrain from making credibility determinations or weighing the evidence.". *Equal Emp't Opportunity Comm'n v. LHC Grp., Inc.*, 773 F.3d 688 (5th Cir., 2014)

1.      <u>The Plaintiff's burden to establish a prima facie discrimination case is not difficult</u>

To establish a prima facie case of race discrimination under the TCHRA, a plaintiff must show that (1) a member of a protected class; (2) was qualified for his position; (3) suffered an adverse employment action; and (4) was replaced by someone outside his protected class, or that others similarly situated outside the protected class were treated more favorably. *Mackey v. Enventives*, L.L.C., 802 Fed.Appx. 835, 836-37 (5th Cir. 2020). The prima facie burden is not onerous and the plaintiff must make only a minimal showing. See *Texas Dep't of Community Affairs v. Burdine*, 450 U.S.248, 253 (1981); *Nichols v. Loral Vought Systems, Corp.*, 81 F.3d 38, 41 (5th Cir.1996).

2.      <u>Summary Judgment in employment cases should rarely be granted</u>

Even when the underlying facts are not in dispute "motivation is itself a factual question" that is subject to conflicting inferences and cannot be decided on summary judgment. *Hunt v. Cromartie*, 525 U.S. 541, 549, 551-52 (1999).

When an employment dispute depends on the employer's motive or state of mind, summary

judgment is not appropriate. As the Fifth Circuit noted in *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1265 (5th Cir. 1991),

> This is so because it is particularly difficult for the nonmoving party to challenge the "self-serving testimony" of the moving party without the benefit of trial accessories, namely cross-examination."

"[S]ummary judgment is seldom appropriate in cases wherein particular states of mind are decisive elements of [a] claim." *Charbonnages de France v. Smith*, 587 F.2d 406, 414 (4th Cir. 1979). Resolution of questions of intent depend on credibility determinations which must be reserved for trial. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985). Thus, courts must take special care in discrimination cases where the critical issue is discriminatory motive or intent. Id. at 364.

Courts have recognized that in discrimination and retaliation cases, an employer's true motivations are particularly difficult to ascertain. See *United States Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 716, 103 S.Ct. 1478, 75 L.Ed.2d 403 (1983) (acknowledging that discrimination cases present difficult issues for the trier of fact, as "[t]here will seldom be 'eyewitness' testimony as to the employer's mental processes"), thereby frequently making such factual determinations unsuitable for disposition at the summary judgment stage. See *Lowe v. City of Monrovia*, 775 F.2d 998, 1009 (9th Cir.1985) (stating that very little additional evidence is required to raise a genuine issue of fact regarding motive, and concluding that summary judgment on the merits is ordinarily inappropriate once a prima facie case has been established).

The requirements that the court should view the facts in the light most favorable to the non-moving party and draw all inferences in that party's favor are to be applied with added rigor in employment cases, where intent and credibility are crucial issues. See e.g. *Stewart v. Rutgers*

*University*, 120 F.3d 426, 431 (3rd Cir. 1997). See also, *Zysk v. FFE Minerals, USA, Inc. et al.*, Civ. Action No. 00-5874, 2001 U.S. Dist. LEXIS 20914 (E.D. Pa. Dec. 15, 2001), *6-7, citing *Goosby v. Johnson & Johnson Medical, Inc.*, 228 F.3d 313, 321 (3rd Cir. 2000); *Gallagher v. Delaney*, 139 F. 3d 338, 343-44(2nd Cir. 1998); *Abramson v. William Paterson College of New Jersey*, 260 F.3d 265, 277-78 (3rd Cir. 2001); *Johnson v. U. of Cincinnati*, 215 F.3d 561, 578 (6th Cir. 2000); *Cherry v. Menard, Inc.*, 101 F.Supp. 2d 1160, 1167 (N.D. Iowa 2000) (collecting cases holding that summary judgment should seldom be used in employment cases).

3.      Plaintiff has direct evidence of racial discrimination and can also defeat summary judgment through circumstantial evidence

As noted above, Plaintiff has direct evidence of race discrimination - Saenz admission regarding terminating the wrong black guy

Since employers rarely admit that they acted for illegal reasons, direct evidence of a discriminatory intent is rare, and plaintiffs ordinarily must prove pretext by circumstantial evidence. See *Northwestern Resources Co. v. Banks*, 4 S.W.3d 92, 96 (Tex.App.—Waco 1999) (finding more than a-scintilla- of evidence of pretext). See *Passons v. The University of Texas at Austin*, 969 S.W.2d 560, 564 (Tex.App.—Austin 1998, no pet.) ("Discriminatory intent can generally only be inferred from circumstantial evidence.").

In a unanimous decision in 2000, the United States Supreme Court has held that when there is evidence that the employer's explanation for discharge is unworthy of credence, that is circumstantial evidence of discrimination. See *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 147-48 (2000) ("[T]he trier of fact can reasonably infer from the falsity of the explanation that the employer is dissembling to cover up a discriminatory purpose."). This decision has been

*Page 7*

followed by the Texas Supreme Court as well. See *Quantum Chemical Corp. v. Toennies*, 47 S.W.3d 473, 477 (Tex.2001) ("Proving that the employer's stated reasons for the firing is a pretext is ordinarily sufficient to permit the trier of fact to find that the employer is actually motivated by discrimination.") (citing *Reeves*, 530 U.S. 133, 147-48).

## B.    Argument

The same arguments made in regard to Defendant's plea to the jurisdiction apply equally and as convincingly to Defendant's motion for summary judgment.

In the interest of brevity, rather than restate them in whole, Plaintiff reiterates his arguments that Plaintiff has provided direct evidence of race discrimination, that Defendant has not properly identified on what basis Defendant is challenging his prima facie case, that, regardless, Plaintiff has established a prima facie race discrimination claim and that there is a material issue of genuine fact in regard to the pretextual nature of Defendant's reason for termination.

Defendant's Motion for Summary Judgment must be denied.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that this Court deny Defendant's Plea To The Jurisdiction and Motion For Summary Judgment. Plaintiff further prays for any such further relief he may be justly entitled, whether at law or in equity.



Respectfully submitted,

THE MELTON LAW FIRM, P.L.L.C.

925 S. Capital of Tex. Highway, Ste B225

Austin, Texas 78746
Telephone: 512/330-0017
Facsimile: 512/330-0067

/s/ John F. Melton
State Bar No.: 24013155
Jmelton@jfmeltonlaw.com
Michael W. Balcezak
State Bar No.: 24012236
Michael@jfmeltonlaw.com
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

By my signature below, I hereby certify that a true and correct copy of the foregoing document has been served on all parties of record in accordance with the Texas Rules of Civil Procedure on February 27, 2025 as follows:

Kelsey L. Warren

Assistant Attorney General

kelsey.warren@oag.texas.gov

Office of the Attorney General

General Litigation Division

P.O. Box 12548, Capitol Station

Austin, Texas 78711-2548

/s/ John F. Melton
John F. Melton



| | | |
|---|---|---|
| EARL PEARSON, | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| v. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| TEXAS ALCOHOLIC BEVERAGE | § | |
| COMMISSION, | § | |
| *Defendant,* | § | 261ST JUDICIAL DISTRICT |

## DECLARATION OF EARL PEARSON

"My name is Earl Pearson. I am over 18 years of age. I am qualified to make this declaration, I have personal knowledge of the facts stated herein and they are all true and correct.

1.       Soon after I was fired in July, 2017 I had a phone conversation with Robert Saenz, Executive Chief of the TABC and my supervisor at TABC prior to my termination. He informed me that my termination was a mistake and that they had actually meant to fire my African-American co-worker, Dexter Jones. He told me that a Texas House Representative, Sarah Davis, had issues with Dexter Jones due to disputes between the agency and certain retailers and wanted to see him terminated. According to Robert Saenz there was a mistake and instead of firing Dexter the agency fired me and had, "fired the wrong black guy." Robert encouraged me to contact Don Rupp, Director of Human Rexources, for more information.

2.       I spoke with Don Rupp and he told me specifically that my performance had nothing to do with my termination and that he was bothered by it. He also stated that he did not understand why I had been terminated. I told Don that the Texas Workforce Commission sent me a letter saying that TABC had cited my performance as the reason for termination. Don Rupp insisted that was not true and that he would work to correct that with TWC. I told Don Rupp what Robert Saenz had told me about "the wrong black guy" being fired and he assured me that there was no legitimate reaspon for my termination.

3. After I was terminated, I learned from Robert Saenz that Victor Kuykendoll, a white male, had replaced me as Chief of Enforcement.





## JURAT

My name is Earl Pearson. My date of birth is January 2, 1955 and my address is 3757 Cerulean Way, Round Rock, Texas 78681. I declare under penalty of perjury that the foregoing is true and correct.

Executed in Travis County, State of Texas, on the 27th day of February, 2025

Earl Pearson



## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

John Melton
Bar No. 24013155
jmelton@meltonkumler.com
Envelope ID: 97888559
Filing Code Description: RESPONSE
Filing Description: PLAINTIFF'S RESPONSE TP DEFENDANT'S PLEASE TO JURISDICTION AND MOTION FOR SUMMARY JUDGMENT
Status as of 2/27/2025 4:57 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Paige Densman | | paige@jfmeltonlaw.com | 2/27/2025 3:40:22 PM | SENT |
| John Melton | | jmelton@jfmeltonlaw.com | 2/27/2025 3:40:22 PM | SENT |
| michael Balcezak | | michael@jfmeltonlaw.com | 2/27/2025 3:40:22 PM | SENT |
| LASHANDA GREEN | | lashanda.green@oag.texas.gov | 2/27/2025 3:40:22 PM | SENT |

Associated Case Party: TEXAS ALCOHOLIC BEVERAGE COMMISSION

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| KELSEY WARREN | | kelsey.warren@oag.texas.gov | 2/27/2025 3:40:22 PM | SENT |

I, VELVA L. PRICE, District Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office

On 04/07/2025 08:42:45

VELVA L. PRICE
DISTRICT CLERK
By Deputy: SH

# TAB 3

2/27/2025 3:43 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-18-001703
Nancy Rodriguez

CAUSE NO.: D-1-GN-18-001703

| | | |
|---|---|---|
| EARL PEARSON | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | 261st JUDICIAL DISTRICT |
| | § | |
| TEXAS ALCOHOLIC BEVERAGE | § | |
| COMMISSION | § | |
| Defendant. | § | TRAVIS COUNTY, TEXAS |

## PLAINTIFF'S FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff, Earl Pearson, and files this First Amended Petition complaining of

Defendant Texas Alcoholic Beverage Commission, and for cause of action would show the Court

the following:

### I.

### DISCOVERY

1.1     Plaintiff intends to conduct discovery under Rule 190.3 (Level 2) of the Texas Rules of Civil

Procedure.

### II.

### THE PARTIES

2.1     Plaintiff is an individual who can be contacted through counsel.

2.2     Defendant Texas Alcoholic Beverage Commission is an entity that may be served through

its Executive Director, Bentley Nettles at 5806 Mesa Drive, Austin, Texas 78731.

### III.

### JURISDICTION, VENUE AND CONDITION PRECEDENT

3.1     The amount in controversy exceeds the jurisdictional minimum amount in controversy for

this Court. Plaintiff seeks monetary relief over $1,000,000.

3.2     Pursuant to *Texas Civil Practice and Remedies Code* §15.002, venue is proper in Travis County, Texas, as it is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

3.3     All conditions precedent have been performed or have occurred.

## IV.

## FACTS

4.1     Plaintiff, an African-American male, began working for the TABC in 2009. On July 5, 2017 he was Chief of Enforcement for the Agency when he was notified that he was being terminated. Plaintiff did not have any performance or disciplinary issues. Plaintiff was told by TABC that the Agency was being taken in a new direction and that Plaintiff was not part of that direction. No performance or disciplinary issues were cited for his termination.

4.2     Soon after Plaintiff was fired in July, 2017 Plaintiff had a phone conversation with Robert Saenz, Executive Chief of the TABC and Plaintiff's supervisor at TABC prior to Plaintiff's termination. Saenz informed Plaintiff that his termination was a mistake and that they had actually meant to fire Plaintiff's African-American co-worker, Dexter Jones. He told Plaintiff that a Texas House Representative, Sarah Davis, had issues with Dexter Jones due to disputes between the agency and certain retailers and wanted to see him terminated. According to Robert Saenz there was a mistake and instead of firing Dexter the agency fired Plaintiff and had, "fired the wrong black guy." Robert encouraged Plaintiff to contact Don Rupp, Director of Human Rexources, for more information.

4.3. Plaintiff spoke with Don Rupp and he told Plaintiff specifically that his performance had nothing to do with his termination and that Rupp was bothered by it. Rupp also stated that he did not understand why Plaintiff had been terminated. Plaintiff told Rupp that the Texas Workforce Commission sent him a letter saying that TABC had cited his performance as the reason for termination. Don Rupp insisted that was not true and that he would work to correct that with TWC. Plaintiff told Don Rupp what Robert Saenz had told him about "the wrong black guy" being fired and Rupp assured Plaintiff that there was no legitimate reason for my termination.

4.4. After Plaintiff was terminated, Plaintiff learned from Robert Saenz that Victor Kuykendoll, a white male, had replaced him as Chief of Enforcement.

## V.

## CAUSES OF ACTION

5.1 The allegations contained in Paragraph 4.1-4.2 are hereby incorporated by reference for all causes of action. Plaintiff is not seeking any relief pursuant to any federal laws of the United States, but rather is seeking relief pursuant to the Texas Labor Code.

### Race Discrimination

5.2 The conduct of Defendants towards Plaintiff, through its agents, employees, managers, and supervisors, as set forth above, among other activities, constitutes race discrimination, in direct violation of §21.001, *et. seq.*, Labor Code, Vernon's Texas Codes Annotated, which states, in pertinent part, that:

> "An employer commits an unlawful employment practice if ... the employer ... discriminates against an individual ... or ... classifies an employee ... in a manner that

3

would deprive or tend to deprive an individual of any employment opportunity or adversely affect in any manner the status of an employee."

Plaintiff is a member of a protected class and was selected for unfavorable treatment by Defendant, including his termination, because of his race. There is no legitimate non-discriminatory reason for Defendant's actions, and if such a reason is propounded, it is a pretext. Plaintiff's race was a determining or motivating factor in Defendant's decision to terminate Plaintiff's employment and otherwise discriminate against him. Unlawful discrimination moved Defendant toward its decision or was a factor that played a part in Defendant's employment decisions as to Plaintiff. The unlawful practices committed by Defendant were and are a direct cause of Plaintiff's damages, as more fully set forth below.

## VI.

## DAMAGES

6.1    As a result of Defendant's unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future lost income, back wages or back pay, interest on back pay and front pay, future wages or front pay, employment benefits in the past and future, lost earnings in the past and future, and all lost benefits under the contract or employment relationship.

## VII.

## COMPENSATORY DAMAGES

7.1    Defendant has intentionally engaged in unlawful employment practices. Plaintiff additionally brings suit for compensatory damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury



4

to character and reputation, injury to credit standing, job search expenses, lost earning capacity in the past and future, and other pecuniary and non-pecuniary losses.

## VIII.

## ATTORNEYS' FEES AND EXPERT FEES

8.1     A prevailing party may recover reasonable attorneys' fees, expert fees, and costs. SEE TEX. LAB. CODE §21.259. Plaintiff brings suit for these fees from Defendant. Plaintiff seeks all reasonable expert fees and attorneys' fees in this case, including preparation and trial of this lawsuit, post-trial, pre-appeal work, any appeal to the Texas Court of Appeals, making or responding to an application for writ of error to the Texas Supreme Court, an appeal to the Texas Supreme Court if an application for writ of error is granted, and post-judgment discovery and collection in the event execution on the judgment is necessary.

## IX.

## PUNITIVE DAMAGES

9.1     Defendant has acted with malice or reckless indifference to Plaintiff's rights. Defendant, by engaging in the aforementioned acts and/or in authorizing and/or ratifying the aforementioned acts, engaged in willful, malicious, intentional, and oppressive conduct and acted with willful and conscious disregard, or alternatively reckless disregard or indifference of the rights, welfare, and safety of Plaintiff, therefore justifying the award of punitive and exemplary damages in an amount to be determined at trial.  Therefore, Plaintiff additionally brings suit for punitive damages and exemplary damages.



5

## X.

## JURY DEMAND

10.1 Plaintiff demands a trial by jury of all the issues and facts in this case and has tendered the requisite fee.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and, upon final trial, Plaintiff have Judgment against Defendant as requested above, and as follows:

1.    Judgment against Defendant for all damages alleged in this petition;

2.    Interest before and after judgment at the highest rate provided by law, until paid;

3.    Costs of suit;

4.    Reasonable and necessary attorneys' fees and expert witness fees;

5.    Injunctive and declaratory relief; and

6.    Such other and further relief to which Plaintiff may be justly entitled.



6

Respectfully submitted,

THE MELTON LAW FIRM, P.L.L.C.
925 S. Capital of Tex. Highway, Ste B225
Austin, Texas 78746
Telephone: 512/330-0017

/s/ John F. Melton
John F. Melton
jmelton@jfmeltonlaw.com
State Bar No. 24013155
Michael W. Balcezak
State Bar No.: 24012236
Michael@jfmeltonlaw.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

By my signature below, I hereby certify that a true and correct copy of the foregoing document has been served on all parties of record in accordance with the Texas Rules of Civil Procedure on February 27, 2025 as follows:

Kelsey L. Warren
Assistant Attorney General
kelsey.warren@oag.texas.gov
Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548

*/s/ John F. Melton*
John F. Melton



7

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

John Melton
Bar No. 24013155
jmelton@meltonkumler.com
Envelope ID: 97888836
Filing Code Description: Amended Filing
Filing Description: PLAINTIFF'S FIRST AMENDED PETITION
Status as of 3/4/2025 10:08 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Paige Densman | | paige@jfmeltonlaw.com | 2/27/2025 3:43:21 PM | SENT |
| John Melton | | jmelton@jfmeltonlaw.com | 2/27/2025 3:43:21 PM | SENT |
| michael Balcezak | | michael@jfmeltonlaw.com | 2/27/2025 3:43:21 PM | SENT |
| LASHANDA GREEN | | lashanda.green@oag.texas.gov | 2/27/2025 3:43:21 PM | SENT |

Associated Case Party: TEXAS ALCOHOLIC BEVERAGE COMMISSION

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| KELSEY WARREN | | kelsey.warren@oag.texas.gov | 2/27/2025 3:43:21 PM | SENT |

I, VELVA L. PRICE, District Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office On 04/07/2025 08:42:45

VELVA L. PRICE
DISTRICT CLERK
By Deputy: SH

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

John Melton
Bar No. 24013155
jmelton@meltonkumler.com
Envelope ID: 103120738
Filing Code Description: Brief Requesting Oral Argument
Filing Description: Brief Requesting Oral Argument
Status as of 7/15/2025 8:21 AM CST

Associated Case Party: Earl Pearson

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| John Melton | 24013155 | jmelton@jfmeltonlaw.com | 7/14/2025 7:48:28 PM | SENT |
| Michael Balcezak | | Michael@jfmeltonlaw.com | 7/14/2025 7:48:28 PM | SENT |

Associated Case Party: Texas Alcoholic Beverage Commission

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Laura Hendrix | | laura.hendrix@oag.texas.gov | 7/14/2025 7:48:28 PM | SENT |
| Lee Winkelman | | lee.winkelman@oag.texas.gov | 7/14/2025 7:48:28 PM | SENT |